SIMEON D. PRINCE

*v.*

SAMUEL W. CUTLER.

1. CHANCERY PRACTICE—*whether a reference to state an account requires a report of the evidence.* A reference of a cause in these words: "It is hereby stipulated that this case be referred to A B, as commissioner, to take the evidence, and report the balance as he shall find the same, to this court," was *held*, to require a report of the balance of the account as found by the commissioner, only, and not as requiring him to report the evidence, and that, under such a reference, a report of the evidence was unnecessary.

Syllabus.

2. Where a cause is referred to a master to examine and report as to any facts in a case, it is his duty to draw the conclusion from the evidence produced before him, and to report that conclusion only, and it is irregular and improper for him to set forth the evidence in his report without the special direction of the court.

3. SAME—*taking evidence in pencil.* The preserving of the evidence on a reference to a special master, in pencil, is objectionable, and should not be done; but the court, not being called upon, decline to express an opinion whether a decree would be reversed for this cause alone.

4. SAME—*mode of presenting evidence on exception to master's report.* If either party is dissatisfied with the master's report, he may except to the same, and may then obtain certified copies from the master of the depositions, or other evidence on which the decision of the master was founded, to be used on the argument of the exception.

5. SAME—*notice of hearing before master on reference.* If the parties are present and take part in the proceedings before the master on a reference, it is not important whether they had notice or not, as the only object of a notice is, to enable them to be present and participate in the investigation; and where a case is referred back to a master to correct errors in his former report, and no new evidence is taken, no notice to the parties is necessary.

6. SAME—*mode of excepting to master's report.* A party desiring to have the decision of the master reviewed as to the admission or rejection of evidence, or the principle upon which an account is stated, should file exceptions to his report before it is returned into court, pointing out the grounds with reasonable certainty, and if the master still adheres to his rulings and report, and returns it into court, the party objecting may then file his exceptions as made before the master, upon the hearing of which the whole, or such part of the evidence as may be material, may be reviewed by the court. Where, owing to surprise or accident, objections are not taken before the master, the court will allow exceptions to be filed after the coming in of the report.

7. SAME—*evidence on exceptions to report.* On the hearing of exceptions to a master's report it is not competent to read affidavits made subsequent to it, or to hear any evidence that was not before the master when he made his report.

8. ACCOUNT—*whether report of balance should give a detailed statement of accounts.* Where all the items of an account are admitted, or not disputed, except as to one charge, there is no necessity for a schedule showing a detailed statement of the various items composing the whole account. In such a case it will be sufficient to set down the disputed item separately in the report, without including the items not controverted.

Appeal from the Circuit Court of Will county; the Hon. Josiah McRoberts, Judge, presiding.

This was a bill in equity, exhibited by Samuel W. Cutler against Simeon D. Prince, for the settlement of partnership dealings, and the statement of an account between the complainant and defendant, as partners. The opinion of the court contains a statement sufficient to a clear understanding of the points decided.

Messrs. Hill & Dibbell, for the appellant.

Messrs. Breckenridge & Garnsey, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This appeal is prosecuted for the purpose of reversing the decree of the court below on account of various errors alleged in overruling exceptions to the reports of the special commissioner, and rendering decree thereon.

It appears, from the record, that the commissioner made a report, to which exceptions were filed by defendant, and subsequently, on the motion of complainant's solicitor, the case was, by order of the court, referred back to the commissioner, to report as to any errors in his former report. And, on the same day, the court also, on motion of defendant's solicitor, directed the commissioner to take the evidence and re-state the account between the parties, to inquire into and report concerning an alleged mistake of $106.85, and to report all the evidence taken by him, together with a statement of the account between the parties. The commissioner disregarded these directions, but proceeded to correct the errors apparent in his former report, and subsequently filed an amended report, in which he found the amount due from defendant to complainant to be $1420.22. To this defendant filed exceptions, which the court overruled, and rendered a decree in favor of the complainant for the amount.

It is urged that the evidence, being taken in pencil, and there being many erasures in the report of it, should have been rejected as not sustaining the report, and that the evidence being rejected, the report would necessarily have to be set aside.

This mode of preserving evidence is very objectionable, and should not be followed, but we do not now feel called upon to say whether we would or not set aside a decree, for this cause alone. The terms of the reference in this case do not, we think, require that the evidence should be reported to the court. It is in these words: "It is hereby stipulated that this case be referred to B. F. Russell, as commissioner, to take the evidence and state an account, and report the balance as he shall find the same to this court." This only required that he should report the balance as he should find it, and reporting the evidence was entirely unnecessary. When it is referred to a master in chancery to examine and report as to any facts in a case, it is his duty to draw the conclusion from the evidence produced before him, and to report that conclusion only. And it is irregular and improper for him to set forth the evidence in his report, without the special direction of the court. If either party is dissatisfied with the conclusion at which the master has arrived, he may except to the report, and may then obtain certified copies from the master of the depositions or other evidence on which the decision of the master was founded, to be used on the argument of the exception. *In the matter of Hemiup*, 3 Paige, 306; *Mott* v. *Harrington*, 15 Vt. 185; *Goodman* v. *Jones*, 26 Conn. 264.

It is also urged, that the defendant had a right to be present upon the hearing before the master, and was entitled to notice for that purpose.

If the parties are actually present, and take part in the proceedings before the master, it is not important whether they had notice or not. The only object of notice is, to enable them to be present and to participate in the investigation, and when this is actually done, the purpose of notice is accom-

plished. The record shows that the defendant was present in the investigation before the commissioner, both in person and by counsel, and that he was examined as a witness, and participated in the investigation. When the case was referred back again to the commissioner, he was not present, but no evidence was then heard, nor was anything then done by the commissioner except to correct errors apparent on the face of the report. There was no end then to be subserved by the defendant's presence. The court might have directed these corrections to be made even without sending the report back to the commissioner. *The Utica Ins. Co.* v. *Lynch,* 2 Barb. Ch. R. 573.

Objection is likewise urged, that an error was committed by the commissioner in charging defendant twice with the sum of $106.85. Although the defendant was present when the investigation was had before the commissioner, it does not appear that any objections were made to his acts or decisions until after his report was filed in the court.

It was said in *Hurd* v. *Goodrich,* 59 Ill. 455, " Consistently with the convenience of courts of equity in this respect, their mode of procedure requires the party who may desire to have the court revise the rulings of the master as to the admission or rejection of evidence, or the principle upon which an account is stated, to file objections to the master's report before it is returned into court, pointing out the grounds with reasonable certainty; then, if the master still adheres to his rulings and report, and returns it into court, the party objecting may then file his exceptions to the report, corresponding with the objections made before the master, upon the hearing of which the whole, or such part of the evidence as may be material, will be brought forward and be subject to review by the court." *McClay, Admr.* v. *Morris,* 4 Gilm. 370; *Brockman* v. *Aulger,* 12 Ill. 277.

" The exceptions are always to be confined to such objections as were allowed or overruled by the master." (Referring

to *Copeland* v. *Crane*, 9 Pickering, 73; *M. E. Church* v. *Jaques*, 3 Johns. Ch. 81; *Byington* v. *Wood*, 1 Paige, 45.)

There are, nevertheless, exceptions to this rule. Where, owing to accident or surprise, the objections are not taken before the master, the court will allow exceptions to be filed. 2 Daniell's Ch. Prac. 134. But this does not seem to have been the case here, and even in such cases, the better practice is, to refer the case back to the master to review his report, so that the parties may have an opportunity of there excepting to it.

But, aside from what we have said on this point, the affidavit of the defendant is not sufficient to prove the error alleged in the report. Upon hearing exceptions to the master's report, it is not competent to read affidavits made subsequent to it, or to hear any evidence that was not before the master when he made his report. 2 Daniell's Ch. Prac. 1322. We have already indicated the mode by which the evidence should be brought before the court for this purpose, when it has not been reported pursuant to the order of the court, and, as it was not observed, there was nothing before the court to sustain the exception.

The objection, that the report does not contain a detailed statement of the accounts, we do not think is sustained by the report itself.

It appears from the report that the items of account between the parties were admitted, with the exception of "a check of Fox and Howard, paid to Prince, for $1061.86," and there does not now appear to be any controversy upon any other item than that. Defendant now claims that he was charged twice with the sum of $106.86—once in this item, and once in one of the other items, which appears to have been admitted. The items are, therefore, as specific as the necessity of the case requires. The purpose of requiring a schedule of items is, to enable the parties to designate with definiteness upon which there is controversy. Where all are admitted and there is no controversy, there is, and can be, no need of

the schedule. So, where all are admitted but one, no harm or inconvenience can possibly ensue if the disputed item is set down separately in the report, and is not, with all the admitted items, included in a schedule, annexed to the report.

We are therefore of opinion that the exceptions filed to the original report were not well taken, and should have been overruled. There was, then, no necessity for the directions given to the commissioner at the instance of the defendant's solicitor, and they were properly disregarded. The correction of the errors apparent upon the face of the report, instead of resulting in harm to the defendant, produced directly the opposite effect, by reducing the amount he was found to be indebted.

We think there is no error in the decree, and it is therefore affirmed.

*Decree affirmed.*