ADELAIDE STRAYER *et al.*

*v.*

LEODICY DICKERSON.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. APPEALS AND ERRORS—*when alleged error as to master's findings cannot be considered.* Alleged errors based upon the contention that the master's report, which was confirmed by the court, found the facts respecting certain matters against the weight of the evidence cannot be considered on appeal, where no objections or exceptions to the report appear in the record or the abstract.

2. SAME—*when master's finding that a party is estopped by contract cannot be considered.* A finding by the master that a party is estopped by contract cannot be disturbed on appeal, in the absence of objections and exceptions to his report in that respect, where the original contract was destroyed and the evidence is conflicting as to whether the copy produced in evidence is a true copy of original.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

THOMAS W. TIPTON, OWEN & OWEN, and BARRY & MORRISSEY, for appellants.

CHARLES L. CAPEN, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a decree of the circuit court of McLean county correcting the description of land in a deed to appellee from her late husband, Henry C. Dickerson. In 1892 the husband was seized in fee of the west half of the north-east quarter of section 29, the west half of the south-east quarter of section 20 and the south-west quarter of the north-east quarter of section 20, all in town 22, range 4, east. The land constituted one farm, and was one and a quarter miles in length from south to north. The south eighty, lying in section 29, was for many years the family homestead and had upon it the buildings and principal improvements. Dickerson also had another tract of land in section 31 of the same town, and some town lots in Leroy. He made the deed in question on July 20, 1892, placed it of record and delivered it to the appellee. It is alleged that by mutual mistake the deed describes the west half of the south-east quarter of section 20 aforesaid, when the intention was to convey and receive the west half of the north-east quarter of section 29, called the homestead tract.

The case was before us on a former decree granting the same relief, and was reversed upon the facts then in the record upon the grounds that the conveyance was without consideration, and was merely a voluntary one,—a gift *inter vivos;* that it was not executed because of the mistake in description and was a mere contract to convey, and that a court of equity would not decree specific performance of such contract; that it also appeared from the evidence that the property was the homestead at the time of the conveyance, and as the wife did not join in the conveyance and release the homestead estate, the evidence should show, but failed to do so, that the homestead had been adandoned by the husband for the express purpose of giving effect to the conveyance. (205 Ill. 257.) The cause was remanded generally, and the bill was amended, alleging more specifically the passing of a

valuable consideration from appellee to her husband for the conveyance; that the place had not been occupied as a homestead since 1885; that appellee took possession immediately upon the conveyance being made, has ever since had possession and on the faith of the conveyance made valuable and permanent improvements.

Henry C. Dickerson, the grantor, at the time of the conveyance had five daughters, who were his only living children and only prospective heirs. Three of the daughters were Elizabeth Hobart, Adelaide Strayer and Cordelia Patterson, who were married at the time of the conveyance, and to the first two of whom he had advanced property which he regarded equivalent to their share of his estate, as he so states in his will executed near that time. In 1898 he conveyed by deed, in which his wife joined, to his daughters Georgia Belle and Rosaline the land above described in sections 20 and 31. In this conveyance was the same land described in the deed to appellee. He died on May 20, 1899, and by his will made what purported to be a general disposition of his property, but the only real estate mentioned in his will was a tract not in question, which he charged with certain expenditures, and his town property in Leroy. The tract in question was not mentioned or in any manner referred to, and we are satisfied from the evidence that up to the time of his death he thought he had conveyed to the appellee the land she claims. The five daughters named were made defendants to the original bill, and pending the suit the daughter Rosaline died intestate, and left a daughter, Fannie Dickerson, her only heir, who has been substituted as a defendant. All the defendants are adults.

At the first hearing all of the defendants but Adelaide Strayer defaulted and she alone prosecuted the first appeal. At the term that the first decree was entered, appellant Cordelia Patterson entered her appearance in writing, sworn to by her husband, which was as follows: "I, Cordelia Patterson, hereby enter my appearance in the above cause, to have

the same force and effect as if served with process more than ten days before the first day of the present term, and I hereby consent that a decree may be taken at any time, at this or any succeeding term, as prayed for in said bill." When the cause was remanded the bill was amended but the prayer was not changed. The amendments made the allegations of the former bill more clear and specific. Mrs. Patterson answered substantially the same as Mrs. Strayer, both denying the allegations of the bill and the right to relief. The other defendants defaulted. Replication was filed and the cause was referred to the master to report evidence and conclusions. The record states that objections were filed to the report and by the master overruled, and were re-filed in the court as exceptions to said report and overruled by the court, but no objections or exceptions are found in the record or abstract.

After finding the jurisdictional facts and that the court has jurisdiction of the parties and the subject matter of the suit, the master finds that appellant Cordelia Patterson was a party defendant to the original decree from which the former appeal was prosecuted by appellant Strayer; that the interests of Cordelia Patterson and appellant Strayer are separable, and that appellant Patterson is concluded by the former decree, to which she was a party, granting the same relief now prayed for and granted in this decree and from which she did not appeal. The master further found that the appellant Adelaide Strayer, after the death of her father, entered into a written contract with appellee, upon a sufficient consideration, to not interfere with the estate of Henry C. Dickerson, nor with any of the transfers, or any part thereof, in any manner or form, or make any objections or question to the deed of appellee to the "home place," which agreement was set up in the bill and the master finds was established by the proof, and that the appellant Strayer is estopped and bound thereby. After passing upon the competency of certain witnesses the master proceeds to the consideration of the case upon its general merits, and finds that

213—27

there was a good and valuable consideration for the convey-
ance to the appellee from her husband, which consisted of
moneys received by him from her from the year 1861 down
to the time of making the deed, in 1892.   He finds further
that her said husband recognized such indebtedness and
promised to re-pay the same by conveying to appellee any
eighty acres of land which he had that she might select, and
specifically finds that from July of the year 1874 to the mak-
ing of the deed appellee advanced and loaned to her husband,
each year, money in various amounts; that the moneys so
advanced to him were loans, and not gifts, and were so rec-
ognized by him; that in payment of the sums so due her,
appellee elected to have conveyed to her the "home place,"
and that in attempting to do so an error was made in the
description; that appellee, at the time of the conveyance,
assumed control and possession of the premises intended to
be conveyed and made thereon valuable improvements and
paid the taxes and insurance, and that she is entitled to have
the tract so purchased conveyed to her.   He further finds
that the property in question was not, at the time of the con-
veyance, the homestead of the grantor and his family, but
that the same had been abandoned as a homestead twenty
years prior to the making of the conveyance and a new home-
stead was acquired prior to said conveyance, and recom-
mends a decree in accordance with the prayer of the bill.
The decree is based upon and follows the report of the mas-
ter, finding each of the material facts specifically and setting
the same forth in the decree.

Appellants, in their brief and argument and by the errors
assigned, urge that the master admitted improper evidence,
and particularly that he permitted appellee, the complainant
below, to testify in her own behalf, and permitted her daugh-
ter, Georgia Belle Dickerson, and her grand-daughter, Fan-
nie Dickerson, who were defendants to the bill, to testify in
behalf of appellee; that the court erred in holding that ap-
pellant Patterson was concluded or estopped by the former

decree, that appellant Strayer was bound by her contract in such a manner as affected the rights of the parties in this litigation, and that the decree was contrary to the evidence.

It is not contended that the bill does not state a cause of action, nor is it contended that there is not competent evidence in the record tending to support the allegations of the bill, the former of which questions could probably be raised in this court without the record containing the objections to the master's report and the exceptions heard by the chancellor, but as to questions depending upon the weight of the evidence we are unable to see how we can consider them in the absence of the objections and exceptions to the master's report. It is held that the objections as to the conclusions of the master upon questions of fact are in the nature of special demurrers to the evidence, and that they must be presented to the master and should point out the grounds of objection with reasonable certainty, and that the exceptions filed in the court upon the coming in of the report should correspond with the objections made before the master and be confined to such objections as were allowed or overruled by the master. (*Springer* v. *Kroeschell,* 161 Ill. 358; *Hurd* v. *Goodrich,* 59 id. 450; *Moffett* v. *Hanner,* 154 id. 649.) When this is done, the errors assigned on appeal that relate to matters that were considered by the master, and particularly so as to matters of fact and matters relating to the admission and exclusion of evidence, are predicated upon the action of the court in overruling or sustaining the exceptions to the report of the master, (*Whalen* v. *Stephens,* 193 Ill. 121,) and unless the questions are made by the objections and exceptions to the master's report they cannot be considered by this court, though error be assigned. (*Prince* v. *Cutler,* 69 Ill. 267; *Pennell* v. *Lamar Ins. Co.* 73 id. 303; *Jewell* v. *Rock River Paper Co.* 101 id. 57; 14 Am. & Eng. Ency. of Law,—2d ed.—944.) To this rule there is the exception that where, on appeal, the findings by the master of the facts are not questioned but the conclusion of the master upon the facts

so found is questioned, that may be done without making or preserving in the record the objections and exceptions to his report. It is equivalent to a general demurrer to the evidence. (*VonTobel* v. *Ostrander,* 158 Ill. 499; *Hurd* v. *Goodrich,* 59 id. 450.) The case at bar does not come within this exception, as the contention is that the master found the facts contrary to the weight of the evidence.

It may be that the question as to the effect of the former decree upon the appellant Patterson, as a matter of estoppel, would fall within the exception last stated, but the finding of the master as to the contract between Strayer and appellee, by which it is found that Strayer had agreed not to interfere with the conveyance to appellee of the home place, could not fall within this exception, because the evidence showed that the original writing was lost or destroyed by fire; and whether the writing containing the writing, or the supposed copy thereof which was introduced in evidence, was the same as the original writing between the parties, was a controverted question of fact, and as the record stands it is not so presented that we are authorized to enter upon a consideration of it. In our view of the finding of the master that there was a valuable consideration for the conveyance, and that appellee took actual possession of the premises and made valuable and permanent improvements upon the same and held the same from the time of the conveyance hitherto, the consideration of the effect of the former decree upon appellant Patterson could have no effect upon the final action of this court, as, if we should find that the master and court erred in that conclusion, we would still be bound to hold that the decree, upon the general facts, could not be disturbed.

The absence from the record of the objections and exceptions to the master's report must have the same effect as though neither had been made. Under the findings here, and where the rights of creditors are not involved, we feel impelled to hold them sufficient to support the decree, and it will accordingly be affirmed.          *Decree affirmed.*