(No. 18767.—<span></span>

SAMUEL J. HARRIS, Appellant, *vs.* JOHN AUGUST NELSON *et al.* Appellees.

*Opinion filed June 23, 1928—Rehearing denied October 6, 1928.*

GALLAGHER, SHULMAN, ABRAMS & HENRY, for appellant.

FRANK MOLAND, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Samuel J. Harris, filed in the circuit court of McHenry county his bill for specific performance of a contract to exchange real estate, against appellees, John August Nelson and Judith, his wife, Alphonse Hendricks and Cyril Matthys. It is averred in the bill that on May 10, 1926, appellant and the Nelsons entered into an agreement in writing to exchange certain described premises, and that within two days after the execution of the contract the Nelsons made a pretended conveyance to Hendricks and Matthys of the premises which they had agreed to convey to appellant. All of appellees answered the bill, Hendricks and Matthys alleging they had no knowledge of the agreement between appellant and the Nelsons. The issues were made up and the cause referred to a special master in chancery, who took the evidence and reported the same with his conclusions. The master found that Hendricks and Matthys had no notice of the agreement between appellant and the Nelsons and recommended that the bill of complaint be dismissed. No objections were filed to the master's report, and on October 10, 1927, the circuit court approved it and dismissed appellant's bill for want of equity.

At the same term of court, on October 29, appellant filed his verified petition to vacate the decree and to be granted leave to file objections to the master's report. It appears from the petition that appellant had engaged the law firm of Gallagher, Shulman, Abrams & Henry, with offices at 134 North LaSalle street, Chicago, to represent him and that said attorneys filed the bill; that the cause was referred to a master in chancery, and appellant engaged a local attorney, V. S. Lumley, to assist in the trial of the case; that the master took the evidence and prepared his report, but that the solicitors of record, Gallagher, Shulman, Abrams & Henry, were not advised that the report was

ready and have not received said report; that it appears from the record that the report was delivered to Lumley but that he did not deliver it to the solicitors of record; that on or about September 9, 1927, appellant was informed by Lumley that the master had rendered a report, and that he immediately notified the Chicago attorneys, who in turn wrote to Lumley to ascertain the date when objections were due and asked him to prepare and file objections to the report; that appellant thereafter saw Lumley and he promised to file the objections; that he is now informed that no objections to the report were filed, and that on October 10 a decree was entered approving the master's report and dismissing the bill for want of equity; that no notice of the motion to approve the master's report and to enter the decree was ever served on appellant or on his solicitors of record, Gallagher, Shulman, Abrams & Henry, and that neither appellant nor said solicitors had any knowledge of the entry of the decree until the date of the petition; that said solicitors have now examined the records of the court and have found that a notice bearing date of October 5, 1927, and advising that a motion for a decree would be made Monday, October 10, appears to have been left in the office of Lumley and M. H. Daniels on Saturday, October 8, at Woodstock, Illinois; that appellant is now informed by Lumley that the notice was left at his office Saturday afternoon and that he came to his office Monday morning after court had opened; that he went immediately to the court house and found that a decree had already been entered; that Daniels has no office at Woodstock but is associated with the firm of Gallagher, Shulman, Abrams & Henry, and his office is in Chicago; that Daniels had no knowledge of the notice or of the entry of the decree; that rule 12 of the circuit court requires that where the attorneys of record are non-residents of the county, notice shall be given to such attorneys by mail, and that no notice by mail was given to the solicitors of record. With the petition was filed the af-

fidavit of Daniels showing that he is associated with Gallagher, Shulman, Abrams & Henry; that he participated in the trial before the master; that no notice of the rendition of the report was served on him by the master; that no notice of the application for the entry of the decree was served on him; that he had no knowledge of the entry of the decree until October 23, 1927; that he has no office in Woodstock, received no notice addressed to him there, and that said notice was never received by him. On October 29 the court, in response to the petition, ruled appellees to answer the petition within ten days. Appellees John and Judith Nelson answered the petition, and on the hearing the evidence showed that on September 6, 1927, the master notified Lumley, in writing, that his report was ready in his office and that objections to the report should be filed with him on or before noon, September 15, 1927; that the report remained in the master's office until that date and that no objections were filed to the report by the solicitors for complainant; that on October 5, 1927, no objections having been filed to the master's report, Frank Moland, one of solicitors for said defendants, prepared a written notice, which was mailed on said date to Lumley and Daniels, solicitors for complainant, notifying them that he would appear before Judge Edward D. Shurtleff, circuit judge sitting at Woodstock, on Monday, October 10, 1927, and move for the entry of a decree dismissing the cause for want of equity, in accordance with the master's report. After a full hearing the court declined to vacate the decree, and appellant has brought the record here for review.

Error is assigned on the ruling of the court refusing to vacate the decree. V. S. Lumley was one of the attorneys for appellant employed to assist in the trial. He appeared at the hearings and was as much an attorney of record as if his name formally appeared on the docket. He had notice of the report being ready, and this information he communicated to his client, who passed it on to the Chicago at-

torneys. Opportunity was thus afforded for filing objections, but none were filed. Lumley had notice of the intention of appellees to apply for a decree on October 10. Appellant says that Lumley told him he did not receive this notice until after the decree was entered, but Lumley does not so testify. There is no competent proof that Lumley did not receive notice in ample time. More than thirty days intervened between the time appellant and his counsel knew the report was ready and the entry of the decree. Whether Lumley failed to carry out the directions of associate counsel to file objections, misunderstood their directions or did not receive any directions does not appear. Appellant does not charge him with neglect or breach of duty. Reliance is placed solely on the fact that chief counsel were not notified. It is admitted they had knowledge of the fact that the master's report was ready and that objections were invited, so that in the absence of a charge of neglect or breach of duty against Lumley they cannot excuse their default. Ample notice was given and appellant had full opportunity to file objections, and so he has no cause for complaint. Appellant relies on a rule of court as to the notice required to be given to non-resident attorneys. It is claimed that such rule was not observed, and hence the court committed error. The record in which rules of court are entered is the only competent evidence to prove their existence, and no such record was proven. (*Roby* v. *Title Guarantee and Trust Co.* 166 Ill. 336; *Davis* v. *Northwestern Elevated Railroad Co.* 170 id. 595.) There was no abuse of discretion in the overruling of appellant's petition.

One of the main questions involved in this suit was whether or not Hendricks and Matthys purchased the premises in controversy without notice of appellant's contract. This was a controverted question of fact. The master found they had no notice. No objections having been filed to the master's report nothing is preserved for review. (*Strayer* v. *Dickerson*, 213 Ill. 414.) There are other ques-

tions raised, but if Hendricks and Matthys had no notice appellant cannot enforce specific performance in this case. Since a court of equity will not make a nugatory decree, specific performance will not, as a rule, be decreed against a vendor who is unable for want of title to comply with his contract, even though the want of title is caused by the vendor's own act in conveying to a *bona fide* purchaser. *Morris* v. *Curtin,* 321 Ill. 462.

Accordingly the decree of the circuit court is affirmed.

*Decree affirmed.*