ADAM B. LYCZAK, PLAINTIFF-APPELLEE, v. BENJAMIN A. MARGULIES ET AL., DEFENDANTS-APPELLANTS.

Argued January 23, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellants, *John W. Ockford.*

For the appellee, *Paul C. Supinski.*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff below in an action for breach of a covenant against encumbrances.

The matter was heard and the judgment in question was entered upon findings of the trial judge, sitting by consent, without a jury. Such findings are said to be based upon a stipluation of facts. Such stipulation does not appear in the state of case before us.

Appellant's first ground for reversal is that there are no findings of fact by the trial court and therefore there is no legal support for the judgment under rule 113 of this court.

Under the circumstances of the present case this is without merit. The memorandum filed by the trial judge and made a part of the record before us (state of case, pages 14, 15 and

16) contains what amounts to a finding of facts, and about which facts, as it happens, there is no dispute between the parties.

These facts are—

The appellants-defendants conveyed certain lands to the appellee-plaintiff by a deed dated March 15th, 1926, acknowledged March 19th, 1926, and delivered March 23d, 1926. This deed contained a covenant against encumbrances excepting a first and second mortgage therein particularly described and set forth. Prior to the execution and delivery of such deed the city of Jersey City had undertaken and completed the improvement of Stegman street between Bergen and Jackson avenues, as a local improvement, the costs of which was to be assessed upon the properties benefited to the extent of the special benefit received. The lands conveyed fronted upon the improvement and the assessment thereon, together with those upon other parcels, had apparently been reported to the Hudson County Circuit Court, under *Pamph. L.* 1925, *ch.* 72, because, it appears, that on March 15th, 1926, the date of the deed from appellants to appellee, a judge of the Circuit Court had signed an order confirming such assessments so reported. It also appears, however, that such order was not filed with the clerk of that court and entered in the minutes until April 6th, 1926, and a copy thereof was not forwarded and filed with the collector of taxes of Jersey City until the same date.

Shortly stated the controversy is this—

Plaintiff-appellee contends, and that contention was accepted by the court below, and is the basis of the present judgment, that such assessment became a lien against the lands in question on March 15th, 1926, and therefore was a lien and encumbrance at the time of the delivery of the deed and consequently there was an immediate breach of the covenant against encumbrances and particularly so because the appellee-grantee paid such assessment on July 23d, 1926, and, therefore, he is entitled to have his judgment for the amount so paid together with interest from the date of payment.

On the contrary the appellants-grantors contend that such assessment did not become a lien and encumbrance on the lands conveyed until the actual filing and entry of the order confirming by the Circuit Court on April 6th, 1926, and, therefore, was not a lien or encumbrance upon the delivery of the deed on March 23d, 1926, and consequently there was no breach upon their part of the covenant against encumbrances and no right of recovery existed in favor of the appellee-grantee as a basis for the judgment appealed from.

The statute applicable is *Pamph. L.* 1925, *ch.* 72, and the pertinent provisions thereof are—

Section 3. After providing for the giving of notice and hearing objections by the Circuit Court "* * * until a report shall be made or returned which the said court shall confirm and such report when confirmed shall be final and conclusive, as well upon the said city * * * as upon the owners of any land and real estate affected thereby, and said court shall cause said report, together with the original orders or rules confirming the same to be transmitted to and filed with the tax collecting officer of said city * * *. The orders or rules confirming such assessments shall be entered in the minutes of the Circuit Court confirming the same before such report is transmitted to said tax collecting officer."

Section 4. "Immediately after confirmation of any such assessment, the original report, together with the original orders or rules confirming the same shall be delivered to the tax collecting officer of such city * * * and the assessment shall be payable immediately upon delivery to such collecting officer * * *."

Section 5. "Every assessment for local improvements * * * shall upon confirmation of the same by the Circuit Court of the county in which such city of the first class is situated be a first and paramount lien upon the lot of land described in such assessment and paramount to all prior or subsequent alienations and descents of such lands or encumbrances thereon, except subsequent taxes or assessments, notwithstanding any mistake in the name or names of the owner or

owners or other person or persons having a lien upon or interest in any such lot of land; all assessments for local improvements shall be presumed to have been regularly assessed and confirmed and every assessment or proceeding preliminary thereto shall be presumed to have been regularly made and conducted until the contrary be shown."

It seems to us that the adjudications of our courts can only be known through the records thereof, perpetuated in the minutes of such tribunals and other established places of record. Generally, if not universally, rules, orders and judgments are not effective unless and until properly and publicly enrolled.

Reasonableness establishes such a principle without citation of authority.

Rule 214 of this court, applicable to the Circuit Court, is in point and is as follows:

"Every rule taken in open court, or allowed by a justice, shall be entered in the minutes of the court and shall take effect only from the time of such entry, and the true date of such entry shall be stated at the foot of such rule, provided, however, that the justice allowing such rule may nevertheless order in the same rule that the same shall take effect forthwith, in which case the said rule shall take effect from the time of signing the same, and all rules, whether granted by the court or a justice shall be entered in the minutes within ten days from the granting of the same or in default thereof shall be of no effect."

Whether or not this rule is directly applicable to an order confirming assessments for local improvements is of no concern and it is not cited because of any pertinency in that direction but particularly for the purpose of indicating the particular case called for in requiring the entry of court proceedings in order that they shall become and be effective.

The appellee cites, with much reliance, in support of his contention, *Frank* v. *Jersey City*, 6 *N. J. Mis. R.* 446. This was upon *certiorari* to review certain assessments where this court held:

"The order of confirmation was filed in the tax collector's office without first having been entered in the minutes of the Circuit Court as required by *Pamph. L.* 1925, *ch.* 72, § 3. This is a mere matter of procedure and would be of no importance in the matter before us except for the fact that respondent urges that the prosecutor was in laches in procuring the present writ, and should not have the benefit of it, because he did not apply for it within thirty days from the date of the order confirming. It is difficult to understand how this can be so if he had no notice of the hearing before the court and the order of the court was not entered in the minutes of its clerk."

In this case it was found and held that the property owner, whose lands were assessed, had no notice of the application to confirm by the Circuit Court and for that reason the confirmation was set aside and the matter remanded to the Circuit for further hearing and because of lack of notice the prosecutor was not chargeable with laches. We think this case gives no substantial support to the judgment under review.

On the contrary it seems to us that under the statute of 1925, *supra,* no lien was created against the lands in question, so as to constitute an encumbrance unless and until the order of the Circuit Court confirming the assessment was actually entered in the minutes and records of that court. To hold otherwise would seem to us to trespass upon every known and recognized principle and rule. We would not be justified in holding that the statute expressed a legislative intent and purpose to create a lien, amounting to an encumbrance upon the lands without a record of such judicial action.

The judgment under review is therefore reversed, with costs.