(No. 24757.—

THELMA LEAH ROSE, Appellant, *vs.* KENNETH LEE MEYER *et al.*—(KENNETH LEE MEYER, Appellee.)

*Opinion filed December 15, 1938.*

F. T. CARSON, LLOYD S. ENGERT, and C. E. TATE, for appellant.

DOBBINS, DOBBINS & THOMAS, (R. F. DOBBINS, and JAMES G. THOMAS, of counsel,) for appellee.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

This cause is here on leave to appeal granted to review a judgment of the Appellate Court for the Third District, allowing the motion of appellee to dismiss an appeal for failure to file the record on appeal within the time limited by our rules.

The judgment in the trial court was entered on October 6, 1937. Notice of appeal was filed October 15, 1937. At the time the judgment in the trial court was entered the pertinent portions of our rule 36 were as follows:

"(1) * * * (c) The report of the proceedings at the trial consisting of the testimony and the rulings of the trial judge and all matters upon which such rulings were made, and other proceedings which the appellant desires to incorporate in the record on appeal, shall be procured by the appellant and submitted to the trial judge or his successor in office for his certificate of correctness, or where this is impossible because of the absence from the district, sickness, or other disability of such judge, then to any other judge of said court, and filed in the trial court within sixty days after the appeal has been perfected. * * * Any judge of said court may on good cause shown make an order or orders extending the time allowed for filing such report of the proceedings."

"(2) * * * (b) When the *praecipes* specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court not more than thirty days after the report of the proceedings or agreed statement of facts has been filed.

"(c) Further time within which to file the record on appeal may be granted by the reviewing court, or by any justice thereof in vacation upon motion and affidavit showing good cause and due diligence."

On October 22, 1937, we amended rule 36 to provide, among other things:

"(2) * * * (a) Whether the *praecipes* do or do not specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court not more than sixty days after notice of appeal has been filed."

Appellee contends that rule 36, as amended, is controlling of the procedure to be followed in this case. However, this court has held that rules of court operate prospectively, only, and will not be given a retroactive interpretation so as to affect pending litigation. (*Owens* v. *Ranstead,* 22 Ill. 161.) The procedure in this appeal must be determined according to the rules in effect at the time judgment was entered in the trial court.

On November 22, 1937, the trial court entered the following order: "Now come the parties by their attorneys and the plaintiff enters a motion for an extension of the rule within which to file the record which motion is allowed by the court, and said rule is extended by the court to February 1, 1938." Subsequently, on January 26, 1938, the following appears of record: "By the Court: Let the record show that the report of the proceedings was presented to the court on the 20th day of January, to be finally signed and sealed as of this date when settled, has again been presented to the court with the okeh of F. T. Carson, C. E. Tate, and Lloyd E. Engert, as attorneys for the plaintiff, and that Mr. Ray F. Dobbins, attorney for the defendant, was present at the time this was presented for final signature. The court hearing no objections to the record, it will be signed and sealed as of January 20, 1938. The following order may be entered on the docket: Report of proceedings presented in open court. Counsel for both

plaintiff and defendant present in open court. Report of proceedings authenticated as of January 20, 1938."

The point for decision narrows itself to a construction of what the trial court meant by the words "the record" in the order entered on November 22, 1937. It is within the province of this court to construe the meaning and purview of orders entered in the trial court. (*State* v. *District Court*, 42 Mont. 496, 113 Pac. 472.) It will be observed that in the order of January 26, 1938, the trial court employed the words "record" and "report of proceedings" as being synonymous. It will also be observed that the attorneys who later asked for the dismissal of the appeal in the Appellate Court were at that time present in court. No objection was made to the filing of the "report of proceedings" and it is apparent that the judge and all parties present considered that they were acting pursuant to the previous order of November 22. Furthermore, if the judge, in his order of November 22, did not mean the report of proceedings at the trial when he spoke of "the record," his words were without meaning, because there was nothing further to be filed in the trial court except the report of proceedings and there was no need for any extension of time as to anything else.

We construe the trial judge's order of November 22, 1937, to mean that he, and all parties to the cause, intended thereby to grant an extension of time within which the report of proceedings at the trial should be filed. This construction gives force to what would otherwise be an empty order. It promotes justice and, so interpreted, brings the appeal within the provisions of rule 36 of this court as it existed when the judgment appealed from was entered.

The Appellate Court erred in dismissing the appeal. That order is reversed and the cause is remanded to the Appellate Court for the Third District, with directions to consider the appeal on its merits.

*Reversed and remanded, with directions.*