HALSELL v. RENFROW.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF OKLA-
HOMA.

No. 254.  Submitted April 20, 1906.—Decided May 14, 1906.

Where the court of first instance in a Territory sees the witnesses the full
court deals with its findings as it would with the verdict of a jury, and
does not go beyond questions of admissibility of evidence, and whether
there was any evidence to sustain the conclusion reached, and this court
goes no further unless in an unusual case.

A judgment for defendant in an action for specific performance based on a
finding of fact, among others, that defendant has conveyed the property
to an innocent purchaser for value cannot be reversed, as specific per-
formance is impossible where the party to the contract has conveyed the
property to one who is free from equities.

Under the Oklahoma statute in regard to conveyance of real estate the con-
tract to be valid must be in writing and subscribed by the parties thereto,
and this is not met by a payment of a would-be purchaser to one claiming
to be the agent of the owner but not authorized as such under the Okla-
homa statute, nor in this case can such payment or a deposit of the deed
in bank to be taken up under certain conditions be regarded as part per-
formance on the part of the owner.

THE facts are stated in the opinion.

*Mr. Jean H. Everest* and *Mr. Henry H. Howard* for appel-
lants:

A contract binding under the statute of frauds may be
gathered from letters, telegrams and writings. *Beckwith* v.
*Talbot,* 95 U. S. 289; *Ryan* v. *United States,* 136 U. S. 68;
*Bibb* v. *Allen,* 149 U. S. 481.

The contract is presumptive evidence of a consideration, and
the burden of showing a want of consideration is upon the
party seeking to avoid it.   Ok. Statutes of 1893, § 815.

There is no such thing as a specialty or distinction between
that and a simple contract under our law, and no statute of
frauds requiring the consideration to be expressed in any case

where the contract is required to be in writing; in view of which the true consideration may be shown by parol where the contract is sought to be avoided under the statute of frauds as well as in any other case. *Kickland* v. *Menasha Woodenware Co.*, 31 N. W. Rep. 471; *Williams* v. *Robinson*, 40 Am. Rep. 352; *Gass* v. *Hawkins*, Thompson, Tenn. Cas. 238; *Whitby* v. *Whitby*, 36 Tennessee, 473; *Thornburg* v. *Maston*, 88 N. Car. 293.

The statute requiring the authority of the agent to be in writing refers to the agent of the vendor, and not of the vendee. And the agent of the purchaser may make a good contract within the statute of frauds without disclosing his principal, and the true relation may be shown by parol. *Tewksbury* v. *Howard*, 37 N. E. Rep. 355; *Roehl* v. *Haumasser*, 15 N. E. Rep. 345; 2 Parsons on Con., 7th ed., p. 680.

The plaintiffs took possession of the land under the contract and subsequently committed acts which would amount to trespass unless their possession was rightful. Under such circumstances the court should have allowed parol evidence to show the real circumstances. The defendant knew of and did not object to these acts. *Allen* v. *Moore*, 70 Pac. Rep. 682; Lawson on Contracts, § 475; *Overstreet* v. *Rice*, 96 Am. Dec. 279; *Ryan* v. *Nevins*, 90 Am. Dec. 696.

The defendant Edwards, was not an innocent purchaser, and not being such he should have been required to convey to the plaintiffs. *Union Pacific R. R. Co.* v. *McAlpine*, 129 U. S. 305; *Day* v. *Cohn*, 4 Pac. Rep. 511; *Willis* v. *Wozencraft*, 22 California, 617; *Calanchima* v. *Braustetter*, 24 Pac. Rep. 149.

*Mr. John W. Shartel, Mr. James R. Keaton* and *Mr. Frank Wells* for appellees:

The findings of a judge in an equity case, or the verdict of a jury, are conclusive in Oklahoma if there is testimony to support them. *Ellison* v. *Beannabia*, 4 Oklahoma, 352. The civil procedure of Oklahoma, both original and appellate, is governed by civil code, which code was literally borrowed from

the State of Kansas in 1893 and was received with the settled construction in that State to the same effect. *Eckert* v. *Rule,* 51 Kansas, 703; *Medill* v. *Snyder,* 61 Kansas, 15; *Railway Co.* v. *Hildebrand,* 52 Kansas, 284.

This rule being firmly established in Oklahoma and being the only rule that is reasonable under the Code of Civil Practice adopted there, it follows that this court in reviewing the decisions of that court acts only in the place of that court and can no more weigh the testimony than it could, and that this court should follow the rule of the court appealed from. *Sanford* v. *Sanford,* 139 U. S. 642.

Specific performance is a matter of discretion and the ruling of the trial court and the Supreme Court of the Territory should not be interfered with, unless there has been an abuse of discretion. 26 Am. & Eng. Ency. of Law, 2d ed., 62; *McCabe* v. *Matthews,* 155 U. S. 550.

There was no written contract between the parties as required by the statute of frauds. It is based on nine different writings and they are disconnected and contain no references to each other and cannot be connected by verbal evidence. Reed on Statute of Frauds, §§ 344, 352; *Tice* v. *Freeman,* 15 N. W. Rep. 674; *Devine* v. *Warner,* 56 Atl. Rep. 563.

Receipts of payments on a parol contract for the sale of lands are not sufficient to take it out of the statute of frauds. *Williams* v. *Morris,* 95 U. S. 444; *Fox* v. *Easter* (Okla.), 62 Pac. Rep. 283.

The telegrams do not name the purchasers and this cannot be supplied by parol proof. *Grafton* v. *Cummings,* 99 U. S. 100; *Breckenridge* v. *Crocker,* 21 Pac. Rep. 179; *Lewis* v. *Wood,* 26 N. E. Rep. 862.

The telegrams are also insufficient as a contract for the reason that they do not describe in any way the land. *Ferguson* v. *Blackwell* (Okla.), 58 Pac. Rep. 647; *Preston* v. *Preston,* 95 U. S. 200.

The deed executed by Renfrow to Halsell cannot be considered as a memorandum under the statute of frauds for the

reason that it was never delivered and was not executed in accordance with the contract appellants are attempting to enforce. *Day* v. *Lacasse*, 27 Atl. Rep. 124; *Steel* v. *Fife*, 48 Iowa, 99; *Parker* v. *Parker*, 67 Massachusetts, 409; *Comer* v. *Baldwin*, 16 Minnesota, 172; *Johnson* v. *Brooks*, 31 Mississippi, 17; *Weir* v. *Batdorf*, 24 Nebraska, 83; *Cagger* v. *Lansing*, 43 N. Y. 550, reversing judgment, 57 Barb. 421; *Allebach* v. *Godshalk*, 116 Pa. St. 329; *Morrow* v. *Moore*, 57 Atl. Rep. 81.

The obligation, if any, created by the writings was not binding upon the appellants and, therefore, the contract was invalid for want of mutuality. *Rutland Marble Co.* v. *Ripley*, 10 Wall. 339. Unless the contract binds all the parties, it will be enforced against none of them. 22 Am. & Eng. Ency. of Law, 1019; *American Cotton Oil Co.* v. *Kirk*, 68 Fed. Rep. 791; *M., K. & T. Railway Co.* v. *Bagley*, 56 Pac. Rep. 759.

The rule as to innocent purchaser is not limited to the prudent and wary one, but includes the *bona fide* one without notice. 2 Sugden on Vendors, p. 551.

By the fraudulent alteration of the check the whole contract becomes unenforceable even if the documents were otherwise sufficient to constitute a written contract.

The fact that the alleged contract is embraced in numerous documents brings it under the rule that the material alteration of one of them forfeits all rights under all of them. No attempt was made to explain this alteration, and the fact of a material alteration in the contract is presumed to be fraudulent until the contrary is made to appear by the party making the alteration. *Dietz* v. *Harder*, 72 Indiana, 203; *Eckert* v. *Pickle*, 59 Iowa, 545; *Davis* v. *Eppler*, 38 Kansas, 639; *Phœnix Ins. Co.* v. *Kerny*, 100 Kentucky, 97; *Owen* v. *Hall*, 70 Maryland, 96. The fact that appellants admit their fraudulent conduct in making this alteration does not advance their case, because an instrument once altered cannot be restored. *Robinson* v. *Reed*, 46 Iowa, 219; *Shepherd* v. *Whetstone*, 51 Iowa, 457; *Botton* v. *Edwards*, 2 Dana (Ky.), 106; *Citizens' Natl. Bank* v. *Richmond*, 121 Massachusetts, 110; *Warpole* v. *Ellison*, 4 Hus-

ton (Del.), 322; *Lock* v. *Walker*, 2 Arkansas, 4; *Fulner* v. *Seitz*, 68 Pa. St. 237.

It must be assumed for the purpose of this case that the alteration was fraudulently made. *Burwell* v. *Orr*, 84 Illinois, 464; *Inglish* v. *Breneman*, 9 Arkansas, 902; *Eckert* v. *Louis*, 84 Indiana, 895; *Pyle* v. *Oustatt*, 92 Illinois, 209; *Wilson* v. *Harris*, 55 Iowa, 507; *Warder et al.* v. *Willyard*, 49 N. W. Rep. 300. See also *Croswell* v. *Lebree*, 81 Maine, 44; *Citizens' Natl. Bk.* v. *Williams*, 174 Pa. St. 66; *Shepherd* v. *Whetstone*, 51 Iowa, 457; *Hays* v. *Wagoner*, 89 Illinois, 390; 2 Cyc. 182, 224; *Crawford* v. *Hazeltree*, 117 Indiana, 63; *Walton Plow Co.* v. *Campbell*, 37 Nebraska, 883; *Vogel* v. *Repper*, 34 Illinois, 100.

By refusing the deed the appellants refused the only performance possible and cannot now claim specific performance. *Scannell* v. *Am. Soda Fountain Co.*, 68 S. W. Rep. 890; *Oliver Mining Co.* v. *Clark*, 68 N. W. Rep. 23; *Mills* v. *Van Vorhis*, 23 Barb. 125.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for the specific performance of an alleged agreement to convey land, brought by the plaintiffs in error against the defendants in error. The case was tried before a judge of the Supreme Court, and all the issues were found for the defendants. It then was taken before the full court upon a transcript of the evidence and proceedings, and the judgment for the defendants was affirmed. 14 Oklahoma, 674. Thereupon it was brought here by appeal.

It is assumed by the parties that the statement of facts prefixed to the opinion in the record is not the finding required by the act of April 7, 1874, c. 80, § 2, 18 Stat., Part 3, 27, and we assume for purposes of decision that under the act of May 2, 1890, c. 182, § 9, 26 Stat. 81, 86, no such finding of facts was necessary. See *Oklahoma City* v. *McMaster*, 196 U. S. 529; *De la Rama* v. *De la Rama*, 201 U. S. 303. But when, as here, the court of first instance saw the witnesses, the full court of

the Territory would deal with its finding as it would with the verdict of a jury, and would not go beyond questions of the admissibility of evidence and whether there was any evidence to sustain the conclusion reached. *Ellison* v. *Beannabia*, 4 Oklahoma, 347, 352. This court naturally would go no further unless in an unusual case. See *Sanford* v. *Sanford*, 139 U. S. 642.

In view of these preliminaries, if any statement is necessary here when the judgment sets forth that the court "finds the issues in said cause in favor of the defendants," a single matter would be enough. It appears from the petition that after the defendant Renfrow, who was the owner of the land, had broken off his dealings with the plaintiffs, he conveyed the premises to the defendant Edwards. In Edwards' answer it is alleged that he purchased for value and without notice. The answer of Renfrow though less specific is to like effect. This was one of the issues in the cause which were found for the defendants, as upon the evidence it well might be. Therefore it is not necessary to go further in order to show that the judgment cannot be reversed. For, of course, specific performance is impossible where the party to the contract has sold the property to one who is free from all equities. However, as the full court put its affirmation of the judgment upon other grounds we will not stop at this point.

The full court sustained the single judge on the ground that under the Oklahoma statute in force at the time no contract relating to real estate, other than for a lease for not over one year, "shall be valid until reduced to writing and subscribed by the parties thereto;" Laws of 1897, c. 8, § 4, and that the statute had not been satisfied, or the case taken out of it by part performance. This statute, if taken literally and naturally, goes further than its English prototype. It is not satisfied by a memorandum made with a different intent, but requires an instrument drawn for the purpose of embodying the contract, and, in the case of an agreement to buy and sell, the subscription of both the buyer and seller, not merely that of "the party to be charged therewith." *McCormick* v. *Bonfils*,

9 Oklahoma, 605, 618. There was no such instrument. We rather infer that the court below inclined toward the foregoing construction, but its discussion suggests that possibly a memorandum to be gathered from connected documents might be enough, and, therefore, again, we do not stop here.

The case for the plaintiffs is this: Shields, an agent without authority in writing, as required by the Oklahoma statute, made an agreement to sell the land for ten thousand dollars, and received a check for five hundred dollars. Material additions were made to this check afterwards by the plaintiffs, so that it is a question at least whether it was admissible in evidence. Wilson's Stat. Okl. 1903, § 831. See *Bacon v. Hooker*, 177 Massachusetts, 335, 337. The agent telegraphed to Renfrow that he had sold "the forty acres ten thousand cash five hundred forfeit," and Renfrow telegraphed back confirming the sale. Later it turned out that a parcel of fifty by one hundred feet had been conveyed to a third person. The parties met and it was agreed orally that two hundred dollars should be taken from the price for this. It was found further that one Springstine had or claimed possession of a part of the land under a lease. Renfrow was willing to convey and to take proceedings to turn Springstine out, but the plaintiffs refused to take a conveyance or to pay unless they were put into possession in thirty days. While matters stood thus Renfrow signed a deed of the land, excepting the conveyed parcel, expressed to be in consideration of ten thousand dollars, sent it to a bank and wrote to the plaintiff Halsell that he had done so, and had instructed the bank to deliver the deed upon his depositing $9,500 to Renfrow's credit and $500 to the credit of Shields within two days. This is the nearest approach to a memorandum that was made. Halsell replied to Renfrow that he had made a tender of $9,300, and that this with the $200 agreed to be allowed for the strip conveyed and the $500 held by Shields would make the $10,000. He further stated that he had requested delivery of possession which had been refused, and that Renfrow could not expect the money without

giving possession. Renfrow replied, stating that he had been willing to give such possession as he could, suggesting that he would have arranged in another way as to the $200, and that he regretted the termination of the matter. That was the end of the dealings, and directly afterwards the sale to Edwards took place.

As the plaintiffs were unwilling to accept the deed unless a fuller and more undisputed possession were given than could be given at the time, Renfrow was justified in selling to another who would take the risk or rely upon his covenants. In fact Edwards paid $500 to get possession, in addition to Renfrow's price of $10,000. Moreover, the plaintiffs' unwillingness shows that apart from the differences as to consideration there was no agreement with regard to an essential term of the conveyance when the deed was sent to the bank. There may have been a previous oral agreement, such as is suggested by the letter and deed, but before any memorandum was made and while Renfrow still was free the plaintiffs were informed that Renfrow would undertake to do only what he could, and what we have stated. So far, therefore, as the writings convey the notion of an absolute undertaking to convey a present clear possession, they do not express the modified bargain to which Renfrow was willing to assent. The delivery of the deed was authorized only upon payment of the price, and acceptance of it would have been an assent to Renfrow's terms. But there was no such assent. The plaintiffs say now that the differences were only trifles, not going to the essence of the contract, but they were enough at the time to make them unwilling to accept the deed.

In view of the findings of the trial judge it is difficult to see what is open as to part performance. As there was no agreement at the last stage, there can have been no part performance then. The few steps, if any, that were taken, while everything rested in parol, before the modification as to the amount of land and the price, and the arising of the difficulty as to possession, were disputed and obliterated by Springstine under his adverse

claim as a lessee. We think that this matter does not deserve discussion at greater length.

It is said that the defendant Renfrow is estopped by the payment of five hundred dollars to Shields by force of the act of 1897, c. 8, § 7, to the effect that any person "having knowingly received and accepted the benefits, or any part thereof, or any conveyance, mortgage or contract relating to real estate, shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud." But here again we are met by the findings and the facts. The check given to Shields was not a payment to Renfrow. Shields had not even oral authority to convey or to receive the purchase money. The terms of Renfrow's letter to Halsell about the deed show that he had not accepted the delivery of the check as a payment then, and since then it would seem that neither party to the litigation has been willing to accept the money.

It appears to us unnecessary to amplify further the reasons for affirming the judgment below.

*Judgment    affirmed.*