(No. 17314.—Decree affirmed.)
CLAUDE W. MORRIS, Appellant, *vs.* WILLIAM CURTIN *et al.*
Appellees.

*Opinion filed April 23, 1926—Rehearing denied June 4, 1926.*

1. NOTICE—*when notice to attorney is not notice to his client.*
Notice to an attorney cannot be attributed to his client where at
the time of receiving the notice the attorney was acting for an-
other client whose interests were antagonistic.

2. SPECIFIC PERFORMANCE—*when specific performance will be
denied.* A decree for specific performance of a contract is not a
matter of right but rests in the sound discretion of the court, and
while this discretion must not be arbitrary or capricious but judi-
cial and a court will ordinarily grant relief where the contract is
valid at law and fairly entered into, yet if the evidence shows that
the rights of innocent purchasers have intervened, or shows cir-
cumstances which appeal to the good conscience of the chancellor,
specific performance will be denied.

3. SAME—*specific performance will be denied where vendor has
conveyed to a bona fide purchaser.* Since a court of equity will not
make a nugatory decree, specific performance will not, as a rule,
be decreed against a vendor who is unable, for want of title, to
comply with his contract, even though the want of title is caused
by the vendor's own act in conveying to a *bona fide* purchaser.

APPEAL from the Superior Court of Cook county; the
Hon. DENIS E. SULLIVAN, Judge, presiding.

WYMAN, HOPKINS, McKEEVER & COLBERT, (AUSTIN
L. WYMAN, of counsel,) for appellant.

JOHN A. BUSSIAN, (EDWARD I. DEBOLT, of counsel,)
for appellee Ellen M. Phelan.

HENRY N. MILLER, for other appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the superior court of
Cook county dismissing for want of equity a bill filed by
appellant against appellees, William Curtin, Catherine Cur-

tin, Christ N. Davlantes, William R. Bennett, Nellie F. Bennett, Frederic Ehlert, trustee, and Ellen M. Phelan, for the specific performance of a contract for the sale of real estate.

The evidence taken by the master in chancery shows that the Curtins on October 25, 1922, were the owners of the lot in question; that they had theretofore agreed in writing to sell the same to appellee Phelan, on whose contract of purchase there was an unpaid balance of $1200 due May 1, 1923, at which time, upon payment of said sum, she would, according to the terms of the contract, be entitled to a deed; that on October 25, 1922, she agreed in writing with William Nicklis, for a consideration of $3000,—$1800 payable as soon as merchantable title was furnished and the balance on or before May 3, 1923, with six per cent interest,—to convey the premises to him in fee simple by good and sufficient warranty deed; that Mrs. Phelan was a married woman, whose husband did not sign the agreement with Nicklis, he having deserted her before that time; that this agreement was assigned to the appellant on August 26, 1923; that Nicklis, in making the contract, was acting as the agent of appellant, which fact was concealed from Mrs. Phelan, for the reason that they knew she would not deal with appellant because she had formerly been his tenant and when the tenancy ceased their relations were strained, he claiming that she was owing him rent, which at the time of the contract he was trying to find means to collect; that on November 22, 1922, Nicklis made an affidavit setting forth that he had entered into a contract to purchase the premises and filed the same for record; that on July 4, 1923, a notice was served upon Mrs. Phelan by Nicklis to the effect that he was, and had at all times been, ready, willing and able to perform his part of the contract and demanding immediate performance by Mrs. Phelan and the presentation by her of the abstract and warranty deed; that on March 30, 1923, Nicklis filed for record in the recorder's

office of Cook county his affidavit, setting forth his contract, his notice of January 14, the service thereof, his readiness, ability and willingness to perform, and that the notice filed for record was to advise all persons of his interest under the contract, that he would enforce his rights, and that he could be located by communicating with his attorneys, whose address was stated in the affidavit.

The master in chancery found that Nicklis was, until the assignment to appellant, ready, able and willing to carry out his contract; that no tender had been made to Mrs. Phelan; that she, although requested, never furnished Nicklis or appellant with the abstract but stated that Mrs. Curtin had it; that on request of appellant Mrs. Curtin refused to deliver it; that it was not until after Mrs. Phelan informed appellant that she did not have the abstract that either Nicklis or appellant knew that the title was not in Mrs. Phelan; · that upon request made therefor Mrs. Curtin refused to convey to Nicklis; that appellant testified that his reason for having Nicklis make the contract was his strained relations with Mrs. Phelan and that he could not deal with her.

Mrs. Phelan testified that she never refused to carry out her contract; that she was told by a person who telephoned her, claiming to represent Nicklis, whose voice she thought she recognized as that of appellant, that she would have to have the deed signed by both herself and her husband, which she could not do; that she told them she was willing to sell her equity and assign her contract, which proposition was not accepted; that she attempted to find Nicklis but could not find him, he having told her that he was in the employ- ment of S. W. Strauss & Co. instead of in that of appellant, as he actually was; that she never made up her mind that she would not carry out her contract with Nicklis until the payment on her lot came due and she was forced to either sell or lose the lot; that she then sold her contract to ap- pellee Davlantes, and on June 16, 1923, the Curtins conveyed the premises to Davlantes. Prior to the making of this con-

veyance the Curtins made an affidavit, which was filed for record, denying that they ever knew Nicklis or ever had any transaction with him and that they never had authorized anyone to sell the premises to him.

On July 3, 1923, Davlantes and wife conveyed the lot to appellees the Bennetts, who held the title at the time of the trial. Bennett and his wife executed to appellee Ehlert a trust deed upon the premises to secure certain promissory notes. There is no claim that either Davlantes, the Bennetts or Ehlert had any actual knowledge of the contract between Mrs. Phelan and Nicklis, but it was claimed that an attorney who acted for Davlantes, and later for the Bennetts, had in his possession, prior to the deed from the Curtins to Davlantes, the abstract of title, which contained a reference to the two affidavits of Nicklis, and that notice to this attorney was notice to Davlantes and the Bennetts. There is no evidence that this attorney ever read the abstract, as he, when questioned with reference thereto, declined to answer on the ground that any information received by him was a privileged communication. Even if this attorney had received information which might be considered notice to Davlantes, such notice could not be attributed to the Bennetts or to Ehlert, as when this lawyer represented the Bennetts their interests and the interest of Davlantes were antagonistic. *Hood* v. *Fahnestock,* 8 Watts, 489, 34 Am. Dec. 489.

A decree for specific performance of a contract is not a matter of right but rests in the sound discretion of the court, (*Casstevens* v. *Casstevens,* 227 Ill. 547; *Anderson* v. *Anderson,* 251 id. 415;) and while this discretion is not arbitrary or capricious but judicial, and a court will ordinarily grant specific performance where the contract is valid at law and fairly entered into, (*Cumberledge* v. *Brooks,* 235 Ill. 249; *Turn Verein Eiche* v. *Kionka,* 255 id. 392;) yet if the evidence shows that the rights of innocent purchasers have intervened, or shows circumstances which appeal to the good

321–30

conscience of the chancellor, the relief will be withheld. Since a court of equity will not make a nugatory decree, specific performance will not, as a rule, be decreed against a vendor who is unable, for want of title, to comply with his contract, even though the want of title is caused by the vendor's own act by his conveyance to a *bona fide* purchaser. (25 R. C. L. 245.)

Under the circumstances shown by the evidence in this case the chancellor was warranted in entering the decree dismissing appellant's bill for want of equity, and the decree will be affirmed.

*Decree affirmed.*