## MacLEAN v FOX

Ohio Appeals, 6th Dist, Lucas Co No 2509. Decided March 23, 1931

Conn & Holloway, Toledo, for MacLean.

**RICHARDS, J:**

The amended petition contains averments showing the contract to be as above indicated and that the plaintiffs immediately following the execution of the contract, devoted their time and experience to the development of the business and that they have performed all of the provisions required of them by the contract, but the defendant refuses to comply therewith. The contract as pleaded contains various provisions which show that many other matters relating to the corporation were left uncertain and indefinite. The articles of incorporation do not appear to have been agreed upon, nor were the terms of any by-laws or code of regulations fixed, covering the many things provided for in §8623-12, GC. The defendant may have found it impossible to induce others to unite with him in forming a corporation, the minimum number of persons who may form a corporation being fixed by statute at three.

If the plaintiff should prevail, the duty would rest on the court to supervise the formation of the corporation and determine the innumerable matters relating thereto which are not covered by the contract, as was held in Rudiger, et al. v Coleman, et al., 98 N. Y. Supp., 461:

"Specific performance of a contract to form a corporation can not be decreed where the parties to it are hostile and unfriendly and the by-laws agreed upon at the time of the contract contain little, if anything, showing the terms and details of the proposed incorporation."

A new trial of that case was granted and after the second trial the case again passed up through the courts, finally reaching the Court of Appeals of New York and was decided in 199 N. Y., 342. The contract between the parties provided for many other matters in addition to the formation of the corporation. The Court of Appeals reversed the judgment of the lower court on the other matters, but held, as shown in the syllabus, that the contract, in so far as it provided for the formation of a corporation, could not be enforced because the parties had not agreed upon a number of matters and they were not specified in the contract. The principle has long been established that relief by way of damages may be granted at law on many contracts which are not sufficiently definite to justify specific performance in equity.

We think it is fundamental that specific performance will not be granted to enforce a contract unless the contract makes the precise act, which is to be done, clearly ascertainable. Many of the things to be done in the formation of the contemplated corporation were left still to be determined by the parties.

WILLIAMS, J, concurs.

LLOYD, J, not participating.