SCHMIDT *v.* MALAVAZOS ET AL.

(Decided May 1, 1933.)

*Messrs. Miller & Finney,* for plaintiff.
*Messrs. Marshall & Marshall,* for defendants.

KUNKLE, J. This cause comes into this court by way of appeal, and also upon a proceeding in error. We will consider and dispose of the case upon appeal.

In brief the record shows that plaintiff Schmidt filed a petition in which he alleged that he was the owner of certain real estate, which is described therein by metes and bounds; that he entered into an oral agreement with the defendants, Malavazos et al., whereby he

agreed to sell and convey said real estate to defendants by warranty deed with release of dower, defendants assuming and agreeing to pay all taxes and assessments due and payable December, 1932, and thereafter; and that, subject to a lease then on said premises, plaintiff was to receive all July rentals, in consideration whereof defendants agreed to buy said property and pay plaintiff therefor the sum of $16,250, payable $1,800 in cash, $8,200 in par value stock of the Home Building & Savings Company of Xenia, Ohio, and to deliver a note for $6,250, due and payable on or before one year from said date with interest at seven per cent., the note to be secured by first mortgage on the premises; that defendants executed a memorandum in writing of said agreement as to the purchase of said property, a copy of which is attached to the petition and marked Exhibit A; that plaintiff has performed all the duties on his part to be performed, and has tendered a deed in accordance with the oral agreement, and defendants have refused to pay said purchase money and deliver the building and loan stock and execute the note and mortgage. Plaintiff therefore asks a specific performance of the agreement.

To this petition a motion was filed asking the court to strike out certain averments in the petition, which averments were recited in detail in the motion. The motion to strike out was sustained, and a supplemental and also an amended petition were filed by the plaintiff.

To the amended petition a demurrer was filed upon the ground that the facts appearing therein did not constitute a cause of action in favor of plaintiff against the defendants.

This demurrer was sustained, and, the plaintiff not desiring to plead further, the amended petition was dismissed.

Is plaintiff entitled to a specific performance of the

agreement pleaded? Is the memorandum in writing attached to the petition sufficiently definite that it may be enforced by a decree of specific performance?

In addition to the oral arguments, counsel have also favored the court with very exhaustive briefs in which pertinent decisions of this state, of sister states, and of the United States courts are cited and discussed in considerable detail.

Counsel for defendants claim that the memorandum in question is insufficient for the following reasons: (1) It does not state how long the mortgage should run, the rate of interest the note or notes are to bear, or the dates of payment upon the balance of the purchase money; (2) does not state who should pay the taxes; (3) does not state when possession is to be given; (4) the real estate is not sufficiently described.

Section 8621, General Code, commonly known as the statute of frauds, provides that: ''No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them, nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate; nor upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.''

From our consideration of the Ohio authorities, we find it has been definitely settled in this state that specific performance will not be decreed where the terms of the memoranda are indefinite as to any material feature which is to be performed by either of the parties. It is well settled in this state that a court of equity will not decree specific performance of a contract where the terms are so indefinite as to require

parol evidence to determine the duty which such a decree of specific performance would impose upon the defendant.

We cannot escape the conclusion that the reasoning found in the following Ohio cases is conclusive of the proper determination of this case.

In the case of *Kling, Admr., v. Bordner,* 65 Ohio St., 86, 61 N. E., 148, the first paragraph of the syllabus is as follows: "1. The memorandum in writing which is required by the statute of frauds (Section 4199, Revised Statutes), is a memorandum of the agreement between parties; and it is not sufficient unless it contains the essential terms of the agreement expressed with such clearness and certainty that they may be understood from the memorandum itself or some other writing to which it refers, without the necessity of resorting to parol proof."

The above case was cited, approved, and followed in the case of *Jacobs* v. *Joseph E. Copp Co.,* 123 Ohio St., 146, 174 N. E., 353, the first paragraph of the syllabus of which is as follows: "1. By reason of the inhibition of Section 8621, General Code, a promise in writing by a real estate vendor to a real estate broker 'to pay — per cent. commission' to the broker on the sale price of the vendor's real estate is not such a promise in writing as will support an action by such real estate broker against such vendor to recover compensation for his services in effecting such sale, since the promise does not state in writing the price agreed to be paid nor any rule by which such price can be ascertained without resorting to parol evidence."

In the case of *MacLean* v. *Fox,* 40 Ohio App., 29, 177 N. E., 913, the syllabus reads as follows:

"1. Specific performance of contract to form corporation and transfer property to corporation *held* properly denied, where many matters relating to cor-

poration were left uncertain (Section 8623-12, General Code).

"2. Relief by way of damages may be granted at law on many contracts not sufficiently definite to justify specific performance in equity.

"3. Specific performance will not be granted to enforce contract unless contract makes precise act, which is to be done, clearly ascertainable."

It will be noted that the case at bar is not an action to recover damages wherein a different rule might apply, but is an action to specifically enforce an agreement.

From the reasoning found in the above quoted cases and other Ohio decisions cited in the briefs of counsel we cannot escape the conclusion that the agreement in question is so indefinite in certain respects that a court of equity would not be justified in attempting to specifically perform the same.

We think the memoranda in question is clearly indefinite, in that it fails to provide the length of time that the mortgage for $6,250 is to run, and fails also to provide whether or not the note secured thereby is to bear interest, and, if so, what rate of interest it should draw.

We also entertain some doubt as to whether the description of the real estate contained in the memoranda is sufficient upon which to base a specific performance.

We think the trial court properly sustained the motion to strike out portions of the original petition and also properly sustained the demurrer to the amended petition.

The same decree will be rendered in this court as was rendered in the court below.

*Demurrer to petition sustained.*

HORNBECK, P. J., and BARNES, J., concur.