legation that the plaintiff is not a holder of the note in due course, if made before judgment, would at the most do no more than put the plaintiff on proof as to the essentials of its case and amount to nothing more than a general denial.

*Judgment affirmed.*

BARNES, P. J., and GEIGER, J., concur.

HERLEY, INC., APPELLANT, *v.* HARSCH ET AL., APPELLEES.

(Decided June 20, 1938.)

*Mr. Edgar M. Flowers* and *Mr. William F. Miller*, for appellant.

*Messrs. Smith, Baker, Effler & Eastman,* for appellees.

CARPENTER, J. This cause is in this court on appeal on questions of law and fact. It is a suit to compel the defendant, Leila Close Harsch, the owner of a certain downtown Toledo business property, to specifically perform a contract to make a lease of that property to the plaintiff.

The material parts of the contract in question are as follows:

"Toledo, Ohio, February 14, 1938.

"Received of Herley, Inc., a deposit of $300 to be applied on account to lease premises [description] for for a period of three years on a rental basis of $300 a month. It is understood that a regular and customary form of lease shall be entered into which shall provide among other things:

"1. That a satisfactory bond in the sum of $1,000 shall be deposited as a guarantee for the payment of rent as provided for in said lease.

"2. * * * [Relates to time of possession.]

"3. Herley, Inc., shall have an option to renew said lease for an additional two years on a monthly basis that may be agreed upon between Herley, Inc., and the then owners of said building. In the event the amount of rent cannot be agreed upon it shall be submitted to arbitration under the customary arbitration provisions.

"4. * * * [Uses of the premises by lessee.]

"In witness whereof we have hereunto set our hands this 14th day of February, 1938.

"Herley, Inc.          W. C. Zuleger Co.,
"By E. Werba (Signed) By W. C. Zuleger (Signed)

"Accepted this 15th day of February, 1938.
      "Paul Harsch, Jr., Agt. (Signed)."

Paul Harsch, Jr., also a defendant herein, is the son of Leila Close Harsch, and is engaged in the real estate brokerage business in Toledo.

The defendants offer four reasons why the relief of specific performance sought cannot be granted. The last two of these seem so obviously well taken that the court does not deem it necessary to .discuss the other two. The first of the latter two is that the contract is so incomplete and indefinite as to material terms that specific performance of it cannot be decreed. Of these the outstanding one is the reference to a "regular and customary form of lease."

The plaintiff claims that the customary form is the one drafted and approved by the Toledo Real Estate Board. It presents much evidence to indicate that the form so approved is used extensively in Toledo, but there is equally voluminous evidence that the form of lease used for such property by many of the largest real estate offices and by many attorneys differs materially from the form of that board.

No evidence definitely establishes that there is a "regular and customary form of lease" used in Toledo, and evidence as to the forms used does not warrant the inference that there is a "customary form" which meets the legal requirements of certainty, uniformity and generality necessary to establish a custom recognized by law.

Even the form of lease used by the board contains a blank in one important provision that is not provided for in the contract on which plaintiff relies, that is, the time which shall be allowed the lessor to restore the property in case of damage by fire. In the lease which plaintiff tendered, which was on the form used by the board, it inserted 30 days. The evidence shows that time in current practice ranges from 30 to 90 days.

Just what the parties alluded to by the words "which shall provide among other things," is likewise uncertain. It may refer to the other things which would appear in "a regular and customary form of lease," or it might equally be inferred that the parties might have in mind "other things" not mentioned or referred to in this contract which they would incorporate in the lease when they came to draw it.

The renewal option paragraph provides for "arbitration under the customary arbitration provisions." No evidence was offered as to what the "customary arbitration provisions" are, if there are such. The plaintiff meets this by saying that, as the renewal option provision is solely for the benefit of plaintiff, it is willing to waive it and permit the court to ignore it in the decree herein. Perhaps that might be done, but supposing the defendants were plaintiff here, how could they enforce that provision? One of the tests of the right to the remedy of specific performance is that such right must be mutual.

If it were established by the evidence that there is a customary form of lease, the court might find a way around the last three discussed indefinite items, but taking into account all of the uncertainties and the strictness with which the law scrutinizes a contract before it will decree specific performance, it is impossible to grant that relief in this case. *MacLean* v. *Fox*, 40 Ohio App., 29, 177 N. E., 913.

Another reason assigned, and pleaded as a defense by defendants, why specific performance cannot be decreed is that on February 25, 1938, defendant Paul Harsch, Jr., for defendant Lelia Close Harsch entered into a lease of the premises in question to one John S. O'Connell for a term of fifteen years without notice or knowledge on O'Connell's part of any right, title or interest of plaintiff therein. That such lease was made is not disputed, and no evidence indicates that O'Con-

nell, who is not a party to this suit, knew anything about the plaintiff's contract.

These facts being established, they preclude a decree for specific performance, even though the defendants may have deliberately put the title of the property in such shape that they cannot now carry out any contract with plaintiff. Any right it may have or claim for the breach of its contract will have to be pursued in an action at law for damages. 25 Ruling Case Law, 245, Section 48; *Halsell* v. *Renfrow,* 202 U. S., 287, 292, 50 L. Ed., 1032, 26 S. Ct., 610; *Morris* v. *Curtin,* 321 Ill., 462, 152 N. E., 210; *Harris* v. *Nelson,* 331 Ill., 225, 162 N. E., 833; *Coleman* v. *Dunton,* 99 Me., 121, 58 A., 430; *Davenport* v. *Latimer,* 53 S. C., 563, 31 S. E., 630; *Davis* v. *Winter,* 168 Md., 613, 178 A., 604; *Cattell* v. *Jefferson,* 60 App. D. C., 261, 51 F. (2d), 317.

For these reasons, the indefiniteness of the contract and the inability of the defendants to perform it, specific performance cannot be decreed and the petition will be dismissed at the costs of plaintiff.

*Decree for defendants.*

LLOYD and OVERMYER, JJ., concur.