**VIDEO TOWNE, INC., Plaintiff,**

v.

**RB–3 ASSOCIATES, et al., Defendants.**

No. C–3–87–654.

United States District Court,
S.D. Ohio, W.D.

Aug. 8, 1988.

Ralph A. Skilken, Jr., Dayton, Ohio, for plaintiff.

Thomas H. Pyper, Dayton, Ohio, for defendants.

EXPANDED OPINION SETTING FORTH REASONING BEHIND DECISION AND ENTRY OF JULY 21, 1988, GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT AND DIRECTING THAT SAID AMENDED COMPLAINT BE FILED INSTANTER (DOC. # 16); DECISION AND ENTRY REMANDING CAPTIONED CAUSE TO MONTGOMERY COUNTY COURT OF COMMON PLEAS DUE TO THIS COURT'S LACK OF SUBJECT MATTER (DIVERSITY) JURISDICTION; CERTAIN DISCOVERY MOTIONS DEEMED MOOT (DOCS. # 13 AND # 15); TERMINATION ENTRY

RICE, District Judge.

On July 21, 1988, this Court filed a Decision and Entry which sustained the Plain-

tiff's Motion for Leave to File an Amended Complaint and directed that said Amended Complaint be filed instanter (Doc. # 16). That same Decision and Entry stated that the filing of the Amended Complaint would destroy this Court's subject matter jurisdiction based upon diversity due to the addition of two new Defendants who are "nondiverse" *vis a vis* the Plaintiff. Finally, the Court promised an Expanded Opinion which would set forth the reasoning behind its decision of July 21, 1988, following the filing of which said Expanded Opinion, this Court would order, pursuant to 28 U.S.C. § 1447(c), that the captioned cause be remanded to the Montgomery County Court of Common Pleas. The Expanded Opinion promised by the Court follows within.

This case is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 7) pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. For reasons briefly set forth below, Plaintiff's motion is granted. Because the granting of this motion will result in this Court's being deprived of subject matter jurisdiction, the case will be remanded to state court pursuant to 28 U.S.C. § 1447(c).

The Plaintiff in this case is an Ohio corporation which filed its original Complaint in the Common Pleas Court of Montgomery County, Ohio. (Doc. # 1, Complaint) Defendants, all citizens and residents of the state of New York, properly removed the action to this Court based on diversity among the parties pursuant to 28 U.S.C. § 1441. (Doc. # 1) Plaintiff now moves the Court for leave to file an Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure adding two defendants and a second cause of action. (Doc. # 7).

Rule 15(a) states that leave to amend "shall be freely given when justice so requires." The Sixth Circuit has held that "[t]hough the decision to grant leave to amend is committed to the trial court's discretion, that discretion is limited by Fed. R.Civ.P. 15(a)'s liberal policy of permitting amendments." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987). "Leave should be granted unless there is some apparent

or declared reason not to allow the amendment." *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir.1984).

█ In this case, the Defendants whom Plaintiff seeks to add through its Amended Complaint are citizens and residents of Ohio. (Doc. # 7). Joinder of these parties would destroy the complete diversity of citizenship which presently exists between the parties and which is necessary for subject matter jurisdiction in this Court. *Strawbridge v. Curtiss*, 3 Cranch. 267, 2 L.Ed. 435 (1806). As a general rule, in a discretionary decision as to whether to grant a motion which will result in the loss of subject matter jurisdiction, the district court should "balance the defendant's interest in maintaining the federal forum with the competing interest of not having parallel lawsuits proceeding in federal and state courts." *Depriest v. BASF Wyandotte Corp.*, 119 F.R.D. 639, 640 (M.D.La. 1988).

In this case, however, Plaintiff contends that the Defendants sought to be added are indispensible parties under Rule 19 of the Federal Rules of Civil Procedure. In determining whether parties are indispensible such that in equity and good conscience the action should not proceed in their absence, the Court must consider

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

Fed.R.Civ.P. 19(b).

In this case, Plaintiff has filed an action alleging breach of a lease agreement by Defendant lessors. Plaintiff's Complaint, ¶¶ 7 and 10. In the proposed Amended Complaint, Plaintiff alleges that breach of the lease agreement was induced by Plaintiff's chief competitor, the proposed Defendants, in whose favor the lease was termi-

nated. Proposed Amended Complaint, ¶¶ 15–17. Plaintiff contends that because determination of the action now before this Court would settle rights to the property at issue in the lease, the proposed Defendants, as holders of the subsequent, competing lease, must be regarded as indispensible parties to the action. Doc. # 7, Memorandum, p 1.

■ Defendant argues (Doc. # 11, p 4), however, and this Court concurs, that a person does not become an indispensible party to an action to determine rights under a contract simply because determination of the action will affect that person's rights under a separate or subsequent contract—including the rights of a third party lessee to property at issue in the original action. *Cherokee Nation v. Hitchcock*, 187 U.S. 294, 23 S.Ct. 115, 47 L.Ed. 183 (1902); *Helzberg's Diamond Shops v. Valley West Des Moines Shopping Center, Inc.*, 564 F.2d 816 (8th Cir.1977); *Com–Share, Inc. v. Computer Complex, Inc.*, 338 F.Supp. 1229 (E.D.Mich.1971).

Plaintiff's allegations against the proposed Defendants are in the nature of a claim for tortious interference with contractual relations, a claim which is recognized in Ohio. *Reichman v. Drake*, 89 Ohio App. 222, 100 N.E.2d 533 (1951). Under Ohio law, in an action based upon tortious interference with contractual relations, a plaintiff may recover "any and all damages proximately caused by the tortfeasor's misconduct ... includ[ing] but ... not limited to those items of damage otherwise recoverable in an action for breach of contract brought against the defaulting party to the contract." *Davison Fuel and Dock Co. v. Pickands Mather and Company*, 54 Ohio App.2d 177, 376 N.E.2d 965, 968 (1977). The fact that this cause of action "poses a viable alternative to an action on the contract itself" (*id.*) does not mean that the alleged tortfeasor is necessarily an indispensible party to an action on the contract. The Plaintiff may proceed against one or the other or both as "separate and independent causes of action," with the limitation that the plaintiff may recover only the amount of the damages actually suffered. *Id.* By way of comparison, it should be noted that joint tortfeasors are not considered indispensible parties. *See, e.g., Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir.1983).

Where a plaintiff obtains from the party who defaulted on the contract a judgment in satisfaction of all damages arising from the breach, the plaintiff may recover from the party that tortiously induced the breach only to the extent that the plaintiff can prove additional damages directly attributable to the tortious conduct. *Davison*, 376 N.E.2d at 968. Although recovery for claims of tort and breach would both require a finding that a contract had been breached, recovery for the tort claim would otherwise be based on proof separate and independent of that offered to show contract damages, and initially, it would seem that the action on the claim of tortious interference could appropriately be maintained separately and independently, without undue duplication.

■ Thus, if Plaintiff's action on the contract were to proceed in this Court, Plaintiff might separately maintain an action for tortious interference with contractual relations against the proposed Defendants in state court, and this Court might be willing to conclude that a determination in the contract action that the contract had been breached, which would act as collateral estoppel in a subsequent action for tortious interference in state court, might not unduly prejudice the proposed Defendants. However, in the action before this Court, the Plaintiff seeks specific performance of the alleged lease agreement. Defendant correctly notes that under Ohio law, specific performance of a lease will not be ordered when the property owner has entered into a subsequent lease agreement with a third party who had no notice of the prior lease agreement. *Alexander v. Greenfield*, 94 Ohio App. 471, 478, 109 N.E.2d 549 (1951); *Herley, Inc. v. Harsch*, 61 Ohio App. 260, 264, 22 N.E.2d 515 (1938). Thus, the proposed Defendant's knowledge of the prior lease would be a critical issue in the case before this Court, and a determination

as to that issue would also act as collateral estoppel in a subsequent action for tortious interference in state court.

■ Potential prejudice to an absent party is a critical consideration in determination of whether that party must be regarded as indispensable under Fed.R.Civ.P. 19(b). An adequate judgment with respect to the relief herein requested (a determination as to the availability of specific performance) cannot be rendered in the absence of the proposed Defendants without substantial potential prejudice to them (a finding in this Court as to their knowledge of the alleged prior lease made in their absence which would act as collateral estoppel in a subsequent state court action against them for tortious interference with contract). Fed.R.Civ.P. 19(b) dictates that the Court consider as well "whether the Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." In this case, an action could be maintained in state court on all claims and defendants set forth in the proposed Amended Complaint. Furthermore, this Court must conclude that the potential prejudice to the proposed Defendants outweighs the present Defendants' interest in maintaining the federal forum. Thus, this Court finds that the proposed Defendants are indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

Accordingly, Plaintiff's Motion for Leave to File its Amended Complaint has been granted, and said Amended Complaint has been filed. Because the filing of the Amended Complaint deprives this Court of subject matter jurisdiction over the action, this Court orders that the case be remanded to the Montgomery County Court of Common Pleas, pursuant to 28 U.S.C. § 1447(c).

The above Order of Remand moots (at least insofar as action in this Court is concerned) two pending discovery motions, to wit: (1) the Plaintiff's Motion to Compel Discovery and for Sanctions (Doc. # 13) and (2) Motion for Protective Order and for Sanctions by Deposition Witness William Hagerty (Doc. # 15).

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.