No. 692
FALKENSTEIN v. GAFFNEY et al
Ohio Appeals, 1st Dist., Hamilton County
No. 2352. Decided Feb. 25, 1924

1101. SPECIFIC PERFORMANCE—1. Damages will not be assessed in specific performance when plaintiff knows that property has been conveyed away at time action brought.

2. Conveyance to third party held to be made in good faith defeats specific performance.

3. Party not entitled to specific performance when unable to perform himself.

BUCHWALTER, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for specific performance. Oct. 13, 1922, Rosa Gaffney made an agreement with Falkenstein to sell to him a certain piece of property for $43,000 and as a part consideration therefor to accept from Falkenstein an apartment house of the value of $12,500, located at Norwood, Ohio. The building which Falkenstein was purchasing was located in Cincinnati. Falkenstein paid $500 to the agent of Gaffney as an advance payment. In August, 1922, Gaffney entered into a contract to sell the property to Bessie Schultz. But Gaffney denied the authority of her attorney to enter into this agreement and on Sept. 20, 1922, brought an action to quiet title.

The Common Pleas held that this contract was signed without the authority of Gaffney and therefore refused to grant specific performance of the same in favor of Schultz. Schultz, being dismissed, prosecuted error, but on Jan. 16, 1923, a settlement was made and Gaffney conveyed the property in question to Schultz. Thereafter this action was brought by Falkenstein for a specific performance. Within a few days he received his $500 back

and a month later leased a portion of his Norwood apartment to one Williams for one years and conveyed said apartment to one Gordon shortly thereafter. Falkenstein claimed that Schultz conspired with Gaffney to defeat the plaintiff's contract. As the Common Pleas refused the relief prayed for, an appeal was prosecuted. In refusing the relief, the Court of Appeals held:

1. Where it appears that prior to the bringing of an action for specific performance of a contract to exchange one tract of land for another, the plaintiff had knowledge, both actual and constructive, that the defendant had already conveyed the land sought in exchange to a third party, the court will not retain the case for assessment of damages, but will relegate the plaintiff to an action at law.

2. As the evidence disclosed that the defendants acted in good faith and had not conspired to defeat the plaintiff's contract, plaintiff was not entitled to specific performance.

3. As the plaintiff had put it out of his power to carry out his part of the agreement, and although during the trial he secured an option to repurchase the apartment in Norwood, he did not secure a cancellation of the lease to Williams, and therefore was not entitled to specific performance as he was not in a position to perform himself.

Attorneys—W. W. Symmes, for Falkenstein; Froome Morris and Weiland and Strother, for Bessie Schultz; all of Cincinnati.