### ALEXANDER, Plaintiff-Appellee, v. GREENFIELD et, Defendants-Appellants.

Ohio Appeals, Seventh District, Mahoning County.

No. 3345. Decided June 9, 1951.

294

Modarelli & Modarelli, C. J. Hoyt, Youngstown, for plaintiff-appellee.

Falls, Hazel & Kerr, Youngstown, for defendants-appellants.

## OPINION

By PHILLIPS, J.

In this opinion the parties will be called plaintiff and defendants. Defendant Goldie Greenfield, now Goldie Greenfield Mayer, will be designated as Goldie Greenfield.

Defendants appealed to this court on questions of law and fact from a judgment of the court of common pleas entered upon the finding of a judge thereof against defendants in plaintiff's action for specific performance of an agreement based upon an alleged option to purchase real estate.

The case was submitted to us upon a transcript of the testimony taken by a referee duly appointed by this court and the report of his findings of fact and conclusions of law.

Plaintiff contends by pleadings, evidence, arguments and brief that upon payment of the stated consideration of one dollar defendant Goldie Greenfield, then unmarried, gave him the exclusive right to purchase real estate described in the written option dated August 8, 1945, for $9,000.00 prior to June 15, 1946; that at that time if the option were exercised she would vacate such premises unless it was agreed mutually that she should remain therein longer; and that upon completion of a sale of such premises to plaintiff she would execute and deliver to him a warranty deed as evidence of such sale and purchase.

Likewise by pleadings, evidence, arguments and brief defendants contend that the optioned property was acquired in 1941 in the name of defendant Goldie Greenfield in trust for her mother, Rosa Greenfield, and father, Daniel Greenfield, of which plaintiff had personal knowledge, and legal title to which as such trustee Goldie Greenfield held from November 15, 1941, until October 21, 1945, after which date Rosa Greenfield, an incompetent, held both legal and equitable title thereto; that Rosa Greenfield, her heirs and estate were not bound by the option signed by Goldie Greenfield on August 8, 1945, and plaintiff acquired nothing thereunder except an offer of sale from Goldie Greenfield, who had no right to sell; that Rosa and Daniel Greenfield having died since the execution of such option it is unenforceable for that reason and for want of mutuality; that plaintiff is not entitled to specific performance because of failure of proof of tender of the balance of the purchase price of such real estate, and that defendant, Goldie Greenfield, gave him no justification to claim that it was futile for him to make such tender; that defendants can not comply with an order of specific performance because of the death of Rosa and Daniel Greenfield; that the estate of Rosa Greenfield, included in the assets of which is the real estate in question, is in the process of administration in the Court of Probate of Mahoning County; and finally that to order specific performance as prayed for would violate the rules of equity.

We learn from the evidence that Goldie Greenfield and her sister, Josephine Glassman, were the only children of Daniel and Rosa Greenfield; that the latter, when close to age seventy years, in September, 1944, and June, 1945, suffered strokes of apoplexy as the result of which she could not speak and had little mentality; that thereafter by reason of her condition

Goldie Greenfield was appointed her guardian in April, 1946, and upon her death Josephine Glassman was appointed administratrix of her estate in 1947, by the court of probate of Mahoning county, which estate is in the process of administration now; that title to the real estate in question, which upon the death of Rosa Greenfield descended to Goldie Greenfield and Josephine Glassman (subject to land sale proceedings and payment of debts), was taken by Goldie Greenfield on November 3, 1941, for $7850.00, and financed by loans of $500.00 from the Mahoning National Bank, $2800.00 from her mother's sister, and $4500.00 from the Home Savings and Loan Company, secured by mortgages signed by defendant Goldie Greenfield, and was subsequently refinanced and a mortgage executed to a bank in Warren, Ohio; that on August 21, 1945, Goldie Greenfield deeded such real estate to Rosa Greenfield, and on February 19, 1946, Rosa deeded it to Goldie, and on June 4, 1946, Goldie deeded it to Rosa.

Defendants testified that they exchanged deeds as stated upon advice of their counsel, Peter B. Betras, who represented them in a proceeding before the Industrial Commission on a claim for injuries to Daniel Greenfield, but who does not represent them in this case; and that as the status of that proceeding changed so they changed the title to such real estate.

From the evidence submitted to us for review we conclude that the option dated August 8, 1945, was a valid agreement which plaintiff exercised; that plaintiff attempted to close the transaction and tendered the purchase price thereof to defendant, Goldie Greenfield, who refused to comply unless she and her mother could live in such property so long as her mother lived at a rental she stipulated. Plaintiff refused to comply with such proposition, which created a situation excusing plaintiff from further attempt or tender for payment of the purchase price thereof or to request a deed; and that the evidence is insufficient to impress a trust upon the property in question in favor of Rosa Greenfield.

Bottomed upon the evidence in this case, in our opinion the case of **The George Wiedemann Brewing Company v. Maxwell, et al, 78 Oh St 54**, disposes of defendants' defense of want of mutuality. In that case the Supreme court said:—

"Written agreements known as options are not necessarily void for lack of mutuality, and where accepted within the time specified may become valid and enforceable contracts. Nor are they rendered invalid by the fact that the acceptance by the promisee is verbal and not in writing. Such assent may be shown by parol.

"The general rule is that a party seeking performance of a contract must show performance on his part, yet there are clearly defined exceptions and one of them is that when the other party repudiates and makes it certain that he does not intend under any circumstances to comply, a showing of readiness and ability on the part of the complaining party to then and there perform his part communicated to the other party and accompanied with a demand of compliance by such other party, is sufficient compliance without an actual formal tender."

Plaintiff made no tender of the purchase price of such property to defendant, Goldie Greenfield, prior to June 15, 1946, because at the time he advised her he was exercising his option she imposed the additional obligation upon the exercise of the option, which made such tender futile or vain.

Having found that the evidence was insufficient to impress a trust upon the optioned property in favor of Rosa Greenfield, obviously no trust of which plaintiff could have knowledge existed, which disposes of defendants' defense that plaintiff had personal knowledge of the existence thereof, and by reason thereof unenforceable.

In his report the referee concludes, and in that conclusion we concur:—

"That Rosa Greenfield, from June, 1945, prior to the option being signed, until her death in 1947 had no knowledge whatsoever of the execution of the option nor of any of the transfers by deed either to her by her daughter Goldie or from herself to her daughter Goldie; and that the same is true of Mrs. Glassman; that the deed from Goldie Greenfield to her mother Rosa, October 21, 1945, was a legal transfer even though Rosa was at the time mentally incompetent. The rule is stated in Corpus Juris, Volume 32, 'Insane Persons,' page 725, Section 490, which holds:

" 'An insane person may take property by inheritance or by deed, at least when the instrument does not impose a burden or obligation on the grantee.'

"The rule is also stated in Corpus Juris, Volume 18, 'Deeds,' page 416, Section 494, which states the rule as follows:

" 'The execution, acknowledgment, and delivery of a deed to the grantee raise the presumption of an acceptance of the instrument by him. Actual receipt, however, of a deed by the grantee is not essential to an acceptance by him, but a constructive delivery may be established by whatever affords a presumption of his acceptance thereof. So the acceptance by a grantee of a deed which has been executed for his

benefit may be presumed. This is particularly true of deeds to persons under disability.'

"The referee concludes that the deed from Rosa Greenfield to Goldie Greenfield in February, 1946, was not valid as Rosa Greenfield did not have the mental capacity to be a grantor; that the record title of the property in question at the time of Rosa's death, who died intestate, was in Rosa Greenfield; and that title to said property at time of the death of Rosa passed to Goldie Greenfield and Mrs. Glassman, her only children.

"Rosa Greenfield by reason of her mental incapacity had no knowledge of the option executed August 8, 1945, neither did she have any knowledge or comprehension of the deed to her in August, 1945, nor of her deed to Goldie in February 1946, nor of a deed from Goldie to Rosa in June, 1946. There is no evidence tending to show that at the time of the execution of the option in question Mrs. Glassman had any knowledge of the same nor that she knew of the transfers by deed just referred to.

"The referee is of the opinion that Mrs. Glassman cannot be required by a decree of specific performance to execute a deed to plaintiff-appellee of her half interest in the property; and the referee further concludes that he cannot compel Mrs. Glassman, as administratrix of the estate of her mother Rosa, to execute a deed on behalf of the estate of Rosa, even though a decree in specific performance could require Goldie Greenfield Mayer to transfer her one-half interest because it is by reason of her wrongful acts that plaintiff-appellee has been placed in his present position.

"The petition in this case was filed January 10th, 1947, and the then party defendants were Goldie Greenfield and Goldie Greenfield as guardian of the estate of Rosa Greenfield. Alexander, the plaintiff in that petition, alleged specifically as to the three transfers which had been made of the property, to-wit: the deed from Goldie to her mother in 1945; the deed from Rosa Greenfield to Goldie in 1946; and the deed from Goldie to her mother in 1946; so that the plaintiff at the time of the filing of his petition had full and complete knowledge of the fact that title had passed from Goldie Greenfield.

"The referee believes the rule in Ohio to be as follows: that if plaintiff at the time of filing his action in specific performance knows that the vendor has placed title of the property in question in another, the court in the event he is unable to decree specific performance will not retain the case for asessment of damages but will relegate plaintiff to an action at

law: **Falkenstein v. Gaffney, 2 Abs 662;** and Fisher-Barkdull Farm Agency v. Creager, 26 O. C. D. 299, 25 Cir. Ct. R. (n. s.) 95.

"The referee concludes by finding that there is an impossibility of specific performance by reason of the fact that when plaintiff filed his petition herein he had knowledge of the transfers in question."

"The courts will not undertake to enforce the performance of an impossible task. For example, specific performance will not be decreed of an agreement to convey property which has no existence, or to which the defendant has no title." **37 O. Jur., Page 62, Section 47.**

"Since a court of equity will not do a useless thing or make a nugatory decree, specific performance will not, as a rule, be decreed against a vendor who is unable, for want of title, to comply with his contract; and this is true, even though the want of title is caused by the defendant's own act—as by his conveyance to a bona fide purchaser." **34 O. Jur., Page 63, Section 48.**

"Another reason assigned, and pleaded as a defense by defendants, why specific performance cannot be decreed is that on February 25, 1938, defendant Paul Harsch, Jr., for defendant Lelia Close Harsch entered into a lease of the premises in question to one John S. O'Connell for a term of fifteen years without notice or knowledge on O'Connell's part of any right, title or interest of plaintiff therein. That such lease was made is not disputed, and no evidence indicates that O'Connell, who is not a party to this suit, knew anything about the plaintiff's contract.

"These facts being established, they preclude a decree for specific performance, even though the defendants may have deliberately put the title of the property in such shape that they cannot now carry out any contract with plaintiff. Any right it may have or claim for the breach of its contract will have to be pursued in an action at law for damages. 25 Ruling Case Law, 245, Section 48; Halsell v. Renfrow, 202 U. S., 287, 292, 50 L. Ed., 1032, 26 S. Ct., 610; Morris v. Curtin, 321 Ill., 462, 152 N. E., 210; Harris v. Nelson, 331 Ill., 225, 162 N. E.. 833; Coleman v. Dunton, 99 Me., 121, 58 A., 430; Davenport v Latimer, 53 S. C., 563, 31 S. E., 630; Davis v. Winter, 168 Md.. 613, 178 A., 604; Cattell v. Jefferson, 60 App. D. C., 261, 51 F. (2d) 317." **Herley, Inc., Appellant, v. Harsch et al, Appellees, 61 Oh Ap 260** at 263, **15 O. O. 176** at 178.

See also **Capretta v. Capretta, 33 Oh Ap 232.**

Notwithstanding the final recommendation of the referee was favorable to the defendants they filed the following exceptions to the report of the referee "for the purpose of rais-

ing with this court various questions of law which the referee decided against defendants-appellants":—

"1. That the finding and conclusion of the referee to the effect that the option in question was properly exercised is contrary to law and the evidence.

"2. That the referee erred in holding that exercise of the option and acceptance of an offer to sell real estate may be shown by parol evidence.

"3. That the referee erred in failing to apply the rule of mutuality of obligation and in failing to apply the statute of frauds.

"4. That the finding of the referee to the effect that the evidence is insufficient to impress a trust upon the property in question in favor of Rosa Greenfield is contrary to law and the evidence.

"5. That the referee erred in failing to deny specific performance on the ground of want of mutuality of obligation.

"6. That the referee erred in finding plaintiff exercised said option when in fact no agreement as to rent and occupancy as therein provided was ever agreed upon.

"7. That the referee erred in failing to deny specific performance on the ground of well recognized rules of equity."

Likewise plaintiff filed a motion for a new trial and the following exceptions to report of conclusions of law made by referee: —

"1. That the conclusions of law of said referee are erroneous.

"2. That the conclusions of law arrived at by the referee are not applicable to the findings of fact of the referee.

"3. That the referee erred in finding upon said facts that the plaintiff-appellee was not entitled to maintain this action for specific performance.

"4. That the referee erred in finding in favor of defendants-appellants and against plaintiff-appellee, and that the finding of said referee should have been for plaintiff-appellee.

"5. For other errors of law occurring at the hearing to which exception was duly taken."

Obviously from what has been said in this opinion the exceptions of both parties are overruled as is plaintiff's motion for a new trial, and the recommendations of the referee are adopted in all respects.

Plaintiff's petition is dismissed at his costs. An entry drawn in accordance with the decree of this court and this opinion may be presented for approval.

GRIFFITH, J, concurs.
NICHOLS, PJ, concurs in judgment.