FEHRMAN ET AL., APPELLEES, *v.* ELLISON ET AL., APPELLANTS.

(No. 424—Decided August 2, 1971.)

*Mr. John O. Crouse,* for appellees.
*Mr. Ray Bradford,* for appellant Victor Ellison.
*Mr. John L. Watson,* for appellant Kirk Music Company.

SHANNON, J. This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Clermont County in a suit for the specific performance of a contract to sell real estate.

Delsie Ellison, defendant below but not an appellant, owned real estate in Williamsburg, Ohio, and listed the parcel for sale with an agent. Defendant Kirk Music Company, the appellant herein, made an offer to buy through the agent but such was not accepted. On February 12, 1970, Richard and Betty Fehrman, plaintiffs and appellees herein, submitted a written offer to buy the property, through the agent, for $5,000. The acceptance of this offer was signed by Victor Ellison, the husband of Delsie Ellison, both on his own behalf and that of his wife. Upon trial, the

agent testified that Victor Ellison signed for his wife at her direction because she had a broken arm at the time and was unable to write. Victor Ellison stated upon direct examination as a defendant that his wife had not authorized him to sign her name and amplified such testimony upon cross-examination by stating that he signed for her because he "knew she wanted to get rid of the property and she was sick." Delsie Ellison testified in chief that the real estate agent had brought a "paper" to her home but that she was not told what it was, that it was read to her, that she was not requested to sign it, that she did not see her husband sign it and that she did not ask or instruct him to sign it on her behalf.

The Fehrmans applied for a loan with a savings association and took other steps to finance the purchase.

The agent testified that after the signing of the acceptance of the offer by Victor Ellison, the Kirk Music Company, by its secretary, Charles Kirk, twice made an offer to buy an assignment of the Fehrmans' rights in the contract but that Richard Fehrman declined such. Charles Kirk admitted conversing with the agent about acquiring the real estate but denied that he ever sought an assignment, professing ignorance of the existence of the purchase agreement. Richard Fehrman was never questioned about the matter.

. On March 17, 1970, Delsie and Victor Ellison executed a deed to the real estate to the Kirk Music Company and the same was recorded. The Fehrmans, thereupon, filed suit, praying that such deed be cancelled and that the Ellisons be ordered to perform specifically the agreement to sell.

The court below found that there was a binding purchase contract between the Ellisons and the Fehrmans and that Kirk Music Company was "not a bona fide purchaser of the * * * property in good faith and without notice." Accordingly, the court ordered the county recorder to cancel the deed from the Ellisons to Kirk Music Company as being "void" and ordered the Ellisons to execute a deed to the Fehrmans upon payment of the purchase price.

Appellants have not assigned specific error but seek

reversal of the order from which appeal is taken because: (1) there are no allegations of fraud in any of the pleadings, nor any evidence of fraud in the record which would warrant an order of cancellation of the deed; (2) there was no binding purchase contract between the Ellisons and the Fehrmans; and (3) Kirk Music Company as a bona fide purchaser cannot be held to be a trustee.

The cancellation of deeds is one of the heads of equity jurisdiction indispensable to reciprocal justice. The ground for such relief is the fraud or injustice the circumstances show would be inflicted upon the party requesting the relief which could not be avoided except for the intervention of equity. 8 Ohio Jurisprudence 2d 387, Cancellation of Instruments, Section 2.

In order to invoke the jurisdiction of equity to secure the cancellation of a written instrument, some special ground must be shown to take the case out of the general rule that the remedy for breach of contract must be sought at law. 8 Ohio Jurisprudence 2d 387, Cancellation of Instruments, Section 3.

A court will not grant relief by the equitable remedy of cancellation where the plaintiff may obtain adequate and complete relief by the ordinary legal remedies. 8 Ohio Jurisprudence 2d 441, Cancelation of Instruments, Section 42.

The Court of Appeals for Jefferson County, Ohio, was confronted with a problem analogous to that in the case at bar in *Clotfelter* v. *Telker*, 52 Ohio Law Abs. 268. There, Telker agreed to sell land to Clotfelter but, instead, conveyed the real estate to Mazalic. Upon the refusal of Telker to convey to him, Clotfelter filed suit to compel specific performance of the contract, joined Mazalic as a defendant, and prayed that both defendants be ordered to convey. Ultimately, it was held that Mazalic, having failed to prove he was a bona fide purchaser for value without notice, was a trustee of the real estate and that Clotfelter was entitled to a decree of specific performance.

Although the court in *Clotfelter, supra,* did not so state, we must assume that it held the deed holder (Maz-

alic) to be a constructive trustee for the benefit of Clotfelter.

A constructive trust generally involves the existence of fraud in view of which an equitable title or interest is recognized in some person other than the taker or holder of the legal title. Relief in constructive trust cases is granted on the ground of fraud, actual or constructive, or merely upon the breach of the general legal obligation of honesty and fair dealing. See 53 Ohio Jurisprudence 2d 579, Trusts, Section 88.

In the case at bar, fraud was not alleged and the bill of exceptions does not exemplify any effort to prove it. However, the petition does recite that "Kirk Music Company * * * had knowledge prior to the execution and delivery of [the] deed of the contract between plaintiffs and defendants, Delsie Ellison and Victor Ellison." The trial court found, according to its judgment entry that "Kirk Music Company was and is not a bona fide purchaser of the * * * property in good faith and without notice," but did not set forth any ground or reason supportive of such conclusion. We cannot say that there was not before the court below some evidence which, if believed, would justify the conclusion that Charles Kirk, secretary-treasurer of the Kirk Music Company, knew of the contract between the Ellisons and the Fehrmans and, apparently, it is because of such knowledge that the trial court made its finding.

We do not believe that the case before us, considered in the light of all the testimony, is one to compel us to introduce issues not raised by the pleadings or the evidence. Therefore, we will not declare Kirk Music Company to be a constructive trustee.

Without a finding that fraud existed there can be no cancellation of the deed. And without a cancellation of the deed, specific performance cannot be ordered because of impossibility of performance by the Ellisons.

A court of equity will neither do a useless thing nor make a nugatory decree of specific performance with which it is impossible for the defendant to comply. For ex-

ample, the specific performance of an agreement to convey property to which the defendant has no title will not be decreed. 49 Ohio Jurisprudence 2d 541, Specific Performance, Section 35.

Parenthetically, we observe that no tender of the purchase price established by the agreement between the Ellisons and the Fehrmans was made, either in the pleadings or demonstrated by the evidence. It scarcely requires citation, but we find the following in *Brock* v. *Hidy,* 13 Ohio St. 306, paragraph 2 of the syllabus:

"As a general rule, a vendee of land, seeking to enforce a specific performance by the vendor, must tender or bring into court the amount due on the purchase money * * * ."

Also, the court below did not order a return to Kirk Music Company of the money paid to the Ellisons; consequently, they would be twice paid if the decree were allowed to stand.

We believe the controversy is best disposed of by reliance upon the principle that there is an adequate remedy at law for breach of contract available to the plaintiffs and, therefore, equitable relief as sought should have been denied.

The judgment of the Court of Common Pleas is reversed, and final judgment for defendant Kirk Music Company is granted.

*Judgment accordingly.*

HESS, P. J., and YOUNG, J., concur.