LANGFORD, Appellant,

v.

EMERGENCY PET CLINIC et al., Appellees.*

[Cite as *Langford v. Emergency Pet Clinic* (1994), 96 Ohio App.3d 174.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66599.

Decided July 11, 1994.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1994), 71 Ohio St.3d 1405, 641 N.E.2d 203.

*Paul Mancino, Jr.,* for appellant.

*Mark Edwards,* for appellee Emergency Pet Clinic.

*Leonette F. Cicirella,* for appellee Animal Kingdom Pet Cemetery.

*Per Curiam.*

This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Local R. 25.

Plaintiff-appellant Edna L. Langford appeals from summary judgments granted in favor of defendants-appellees, Emergency Pet Clinic and Animal Kingdom Pet Cemetery, arising out of the death and interment of her dog, Bozie. Plaintiff asserts that the court erred in finding as a matter of law that there is no cause of action in Ohio for intentional or negligent infliction of emotional distress resulting from the improper burial of a dead pet. Plaintiff also sought equitable relief requiring the defendants to return the carcass of the deceased animal, and also maintained that Animal Kingdom Pet Cemetery attached improper evidence to its motion for summary judgment. We find no error and affirm the judgment below.

"I. The court committed prejudicial error in granting summary judgment as the plaintiff did set forth a claim for relief."

Plaintiff argues that the court erred in granting summary judgment based on its determination that there was no cause of action for emotional distress for the destruction of the body of a dead pet animal, as the basis for plaintiff's claim was the equitable relief seeking the return of the dog's remains. This assignment of error has no merit.

An appellate court follows the same standard set out in Civ.R. 56(C) as the trial court in reviewing the granting of summary judgment. "[T]he reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * * [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24, 26. A review of the record and relevant law indicates that plaintiff does not present an action for the specific performance of the return of her dog's remains.

The dog died on January 18, 1993, and was buried approximately one week later. Plaintiff did not file her complaint until March 16, 1993, and the defendants filed their motions for summary judgment on July 28, 1993 and September 8, 1993, respectively. The court granted the motions on October 21, 1993 and January 10, 1994. Enough time had elapsed since the dog's burial making it impossible to return the dog's remains, which were placed in a mass grave. "A court of equity will neither do a useless thing nor make a nugatory decree of specific performance with which it is impossible for the defendant to comply." *Fehrman v. Ellison* (1971), 32 Ohio App.2d 258, 261, 61 O.O.2d 286, 288, 290 N.E.2d 190, 193; see, also, *Alexander v. Greenfield* (1951), 94 Ohio App. 471, 478, 52 O.O. 263, 266, 109 N.E.2d 549, 553.

Therefore, based on the above, even though the court did not address the return of the dog's remains as a basis for plaintiff's claim, summary judgment was nonetheless proper. "An appellate court will not reverse a correct judgment merely because the reasoning employed by the court in making its determination is invalid or erroneous." *Strawser v. Wright* (1992), 80 Ohio App.3d 751, 755, 610 N.E.2d 610, 613. This assignment of error is overruled.

"II. The court committed prejudicial error in considering a motion for summary judgment when improper evidentiary materials were attached."

█ Plaintiff argues the court considered improper evidence in granting Animal Kingdom Pet Cemetery's motion for summary judgment, as the dog's medical record, bill and burial record were not accompanied by an affidavit pursuant to Civ.R. 56(C). Plaintiff objected to this evidence in her motion in opposition to Animal Kingdom's motion.

The court specifically stated its reason for granting Animal Kingdom's motion as follows:

"Motion for Summary Judgment of defendant Animal Kingdom Pet Cemetery is granted. Ohio law does not support causes of action for emotional distress based on destruction of a pet animal and for this reason the motion is granted."

Therefore, the documents attached to Animal Kingdom's motion were not prejudicial, as the court did not need to consider them in reaching its decision. The court's decision was not based on the facts, but on a point of law.

Also, the information contained in the documents was undisputed: the sick dog was brought to the clinic on January 17, 1993, died on January 18, 1993, and was buried in a mass grave on January 26, 1993.

Because the documents were not prejudicial or necessary for the court's decision, the above assignment of error has no merit.

"III. The court committed prejudicial error in ruling that the plaintiff could [not] set forth a claim for relief."

■ Plaintiff argues that the court erred in ruling that she could not set forth a claim for relief based on intentional or negligent infliction of emotional distress.

■ The tort of intentional infliction of emotional distress is recognized in Ohio. *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, paragraph two of syllabus. However, plaintiff must establish four elements to sustain such a claim, as enumerated by this court in *Ashcroft v. Mt. Sinai Med. Ctr.* (1990), 68 Ohio App.3d 359, 588 N.E.2d 280:

(1) that the defendant intended to cause emotional distress to the plaintiff; (2) that the defendant's conduct was so extreme and outrageous as to go beyond the bounds of decency and was such that the conduct can be considered utterly intolerable in a civilized society; (3) that the defendant was the proximate cause of the plaintiff's psychiatric injury; and (4) the mental anguish suffered by the plaintiff is so serious and of a nature no reasonable man could be expected to endure. *Id.* at 366, 588 N.E.2d at 284.

Plaintiff has failed to prove by submissions, or even raise a disputed issue of fact, that the conduct of defendants was intentional or reckless, that it was so extreme as to go beyond the bounds of human decency and considered intolerable in a civilized society and that plaintiff suffered mental anguish beyond her ability to endure it. The handling of the dog's remains was in accordance with customary and usual procedure. The plaintiff has not sought medical help for her sorrow, and the trial court was correct in finding no evidence of outrageous conduct on the part of defendant. Therefore, since plaintiff did not satisfy the requirements necessary to bring a claim for intentional infliction of emotional distress, the lower court did not err in finding no basis for the claim.

■ Plaintiff was also unable to present a claim for negligent infliction of emotional distress. "Ohio courts have limited recovery for negligent infliction of emotional distress to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person." *High v. Howard* (1992), 64 Ohio St.3d 82, 85–86, 592 N.E.2d 818, 820–821. Plaintiff was neither a bystander to an accident nor in fear of physical harm to her own person.

Based on the above, the court did not err in granting the defendants' motions for summary judgment.

*Judgment affirmed.*

NAHRA, C.J., BLACKMON and PORTER, JJ., concur.